**Samir M. AL–JAZRAWI, Appellant,**

**v.**

**TEXAS BOARD OF LAND SURVEYING, Appellee.**

**No. 14670.**

Court of Appeals of Texas, Austin.

Nov. 5, 1986.

Rehearing Denied Dec. 3, 1986.

Thomas H. Crofts, Jr., Thomas A. Forbes, Groce, Locke & Hebdon, Austin, for appellant.

Jim Mattox, Atty. Gen., Molly D. Shannon, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

SHANNON, Chief Justice.

Appellant Samir M. Al-Jazrawi seeks to set aside the judgment of the district court of Travis County which denied his petition for writ of mandamus. By his petition appellant had sought a writ of mandamus directing appellee Texas Board of Land Surveying to register him as a public surveyor pursuant to Tex.Rev.Civ.Stat.Ann. art. 5282c § 14(b), the Land Surveying Practices Act of 1979. This Court will affirm the judgment.

On February 20, 1980, appellant wrote to the Board applying for registration as a public surveyor. Appellant grounded his right to registration as a surveyor upon the premise that he had been a licensed professional engineer for a period of not less than one year preceding the effective date of art. 5282c § 14(b). That statute provides:

(b) Any person holding a valid license on the effective date of this Act from the State Board of Registration for Professional Engineers who has been engaged in the practice of surveying for a period of not less than one year immediately preceding the effective date of this Act may apply for registration as a public surveyor within a period of one year from the effective date of this Act and on payment of the registration fee shall be registered as a public surveyor. The Texas Board of Land Surveying and the State Board of Registration for Professional Engineers shall determine whether an applicant qualifies for registration under this subsection. If the boards disagree about whether an applicant qualifies for registration under this subsection, the decision of the State Board of Registration for Professional Engineers controls.

On June 5, 1980, the Texas Board of Registration for Professional Engineers notified appellee Board that it did not approve appellant's application because appellant's registration as a professional engineer had expired before the effective date of art. 5282c, *et seq,* and that his registration had not been reinstated. Based upon that noti-

fication, appellee Board denied appellant's application for registration as a surveyor.

Appellant took no steps to perfect an administrative appeal from appellee Board's denial of his application. Instead, appellant elected to sit for examination as a public surveyor, but failed to make a passing score.

In early 1985, the Texas Board of Registration for Professional Engineers reversed its position concerning appellant's status as of the effective date of art. 5282c, and on January 23, 1985, certified that appellant, indeed, had held a valid certificate of registration as a professional engineer as of the effective date of art. 5282c.

In November 1985, appellant obtained a second hearing before appellee Board seeking reconsideration for licensure as a public surveyor in light of the Board's recent change of position in regard to his status. After hearing, appellee Board declined to register appellant as a public surveyor unless he took and passed the examination. Appellant then filed the petition for writ of mandamus which is the subject of this appeal.

■ A final administrative order bars subsequent agency adjudication of the same subject matter by the same party, *Champlain Exploration, Inc. v. Railroad Com'n,* 627 S.W.2d 250 (Tex.App.1982, writ ref'd n.r.e.), unless allowed by statute, *Sexton v. Mount Olivet Cemetery Association,* 720 S.W.2d 129 (Tex.App.—Austin, 1986), or perhaps unless circumstances have changed. *See Westheimer Independent School District v. Brockette,* 567 S.W.2d 780 (Tex.1978); *compare Sexton v. Mount Olivet Cemetery Association, supra.*

■ Grounded upon the notification from the Texas Board of Registration for Professional Engineers, appellee Board determined in its 1980 proceeding that appellant was *not* a registered professional engineer. Accordingly, appellee Board concluded that he could not be licensed as a public surveyor pursuant to the terms of art.

5282c § 14(b). Appellant acquiesced in the agency action by not perfecting an administrative appeal contesting the agency order denying his application. The agency order, of course, has been long final. *Vandergriff v. First Federal Savings and Loan Ass'n of Breckenridge,* 586 S.W.2d 841 (Tex.1979).

Appellant has shown the Court no statutory authority, nor has the Court discovered any, permitting appellee Board to reconsider its final order. *Sexton v. Mount Olivet Cemetery Association, supra.*

Appellant argues, however, that in his case there was a change of facts or circumstances which mandated appellee Board to reopen the proceeding and reconsider its final order. *See Westheimer Independent School District v. Brockette, supra.*

Administrative matters are sometimes re-examined by agencies although final orders have been rendered. Davis, *Res Judicata in Administrative Law,* 25 Texas L.Rev. 199 (1947). This occurs most frequently wherein the agency is empowered to create an entity or to issue a license but refuses to do so. At a later time the agency may perhaps reopen the matter upon a showing of changed circumstances. For example, the Savings and Loan Commission may deny an application for a charter for a savings and loan association for a particular location upon the basis of no public need and insufficient volume of business. The Commissioner is not precluded at a later time from entertaining an application from the same organization for a charter for the same location, and from granting the charter should the changed economic facts warrant.

Assuming *arguendo* that appellee Board, faced with changed facts or circumstances, has the authority to reopen and reconsider its final order, this Court has concluded that under the record, the district court determined, correctly, that appellee Board did not err in refusing to reopen appellant's application.

Appellant testified in district court that, in fact, he had not paid his engineer registration fees on the effective date of art. 5282c. Years after he had been denied registration as a public surveyor, appellant learned of a judgment of the district court of Travis County which purportedly afforded relief to a similarly situated applicant. (The Travis County district court judgment was *not* admitted into evidence). Thereupon, appellant petitioned the Board of Registration of Professional Engineers for reconsideration, and that Board certified that on the effective date of art. 5282c appellant had held a valid certificate of registration as a professional engineer.

Five years after appellee Board's order of denial became final, the Board of Registration of Professional Engineers' new view of the law, applied to the same facts as before may not serve as basis for setting aside appellee's order. The Board of Registration of Professional Engineers' notification that appellant's application was not approved for failure to pay his registration fees was the very basis upon which appellee grounded its order. That determination settled appellant's status subject to direct attack. Appellant acquiesced in appellee's determination and order by not perfecting an administrative appeal to the district court of Travis County. In sum, the "res" has been "adjudicated."

The judgment is affirmed.