IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-155-CV





TEXAS DEPARTMENT OF INSURANCE, THE STATE BOARD OF INSURANCE,


CLAIRE KORIOTH, RICHARD F. REYNOLDS, ALLENE D. EVANS,


AND GEORGIA FLINT, COMMISSIONER OF INSURANCE,



 APPELLANTS


vs.





TEXAS FARMERS INSURANCE COMPANY, FIRE INSURANCE EXCHANGE,


FARMERS INSURANCE EXCHANGE, TRUCK INSURANCE EXCHANGE,


STATE FARM FIRE AND CASUALTY COMPANY, STATE FARM LLOYDS,


USAA, AND USAA CASUALTY INSURANCE COMPANY,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 93-01323, HONORABLE PETER M. LOWRY, JUDGE PRESIDING



 





 Appellants Texas Department of Insurance, the State Board of Insurance, Claire
Korioth, Richard F. Reynolds, and Allene D. Evans, members of the Texas State Board of
Insurance, and Georgia Flint, Commissioner of Insurance (collectively, "the Department"), appeal
an order of the district court of Travis County granting Appellees' request for a temporary
injunction. (1) We will affirm the order of the district court.

 On January 6, 1993, the Department voted to adopt mandatory policy endorsements
for all homeowners', dwelling, farm and ranch, and farm and ranch owners' policies. The
endorsements were to become effective March 1, 1993, through Board Order No. 60152 ("the
Order"). This Order would require insurance companies to follow specific guidelines before
refusing to renew a policy due to a "condition on the premises." On February 4, 1993, Appellees
Texas Farmers Insurance Company, Fire Insurance Exchange, Farmers Insurance Exchange,
Truck Insurance Exchange, State Farm Fire and Casualty Company, State Farm Lloyds, USAA,
and USAA Casualty Insurance Company (collectively, "the Insurance Companies") filed suit,
seeking a judgment declaring the Order invalid and enjoining its enforcement. On several
grounds, they sought a temporary injunction pending trial on the merits. After a hearing, the
district court granted the Insurance Companies' request for a temporary injunction, and the
Department appealed.

 To be entitled to temporary injunctive relief, a party has the burden to demonstrate
both a probable right to recover and that probable irreparable injury would result without the
relief. Sun Oil Co. v. Whitaker, 424 S.W.2d 216 (Tex. 1968); Transport Co. of Tex. v.
Robertson Transports, Inc., 261 S.W.2d 549 (Tex. 1953). Appellate review of a temporary
injunction order is confined to the validity of the order granting or denying the injunctive relief. 
The merits of the lawsuit are not presented for review. Davis v. Huey, 571 S.W.2d 859, 861-62
(Tex. 1978); Sun Oil Co., 424 S.W.2d at 218; Public Util. Comm'n of Tex. v. Coalition of Cities
for Affordable Util. Rates, 776 S.W.2d 224, 226 (Tex. App.--Austin 1989, no writ). This Court
may reverse the district court's order only upon a showing of a clear abuse of discretion. 
Robertson Transports, Inc., 261 S.W.2d at 552. When the record contains no findings of fact or
conclusions of law, an appellate court must uphold the trial court's order on any legal theory
supported by the record. In re W.E.R., 669 S.W.2d 716, 717 (Tex. 1984); Davis, 571 S.W.2d
at 862. Finally, in the absence of such findings and conclusions, "the judgment of the trial court
implies all necessary fact findings in support of the judgment." In re W.E.R., 669 S.W.2d at 717;
Buchanan v. Byrd, 519 S.W.2d 841, 842 (Tex. 1975).

 In point of error number one, the Department argues the trial court abused its
discretion when it determined the Order was in conflict with article 21.49-2B of the Texas
Insurance Code. The Department asserts that the order does not conflict with article 21.49-2B
and therefore the Insurance Companies did not demonstrate a basis on which they had a probable
right to recover. Because the Department has limited its challenge to only one basis on which the
trial court could have granted temporary relief, we need not address the merits of this complaint,
and the point is overruled.

 While the Department attacks the Insurance Companies' claim that the Order
conflicts with article 21.49-2B, it fails to challenge on appeal the other legal theories on which
the Insurance Companies sought relief. As additional grounds, appellees alleged that the Order
constitutes a "rule" within the meaning of APTRA, yet the rule-making procedures of APTRA
were not followed; non-renewal of such insurance policies is governed by statute and the Order
exceeds the Department's rule-making authority under article 21.49-2B; the Department exceeded
its authority to promulgate policy endorsements under article 5.96; the Order is unconstitutionally
vague, overbroad, unreasonable, and a violation of due process; and that the Department's
claimed authority to issue the endorsements would constitute the exercise of unrestrained
legislative power and would be a violation of the separation of powers provision of the Texas
Constitution. Even if the first argument were correct, by failing to address these additional
grounds, the Department has not shown that granting of injunctive relief was in error.

 The Department apparently relies on certain oral statements the trial judge made
at the hearing on the temporary injunction as the reason for limiting its appeal to the "conflict"
theory. It presents the appeal as though the order was granted solely on this basis. This Court,
however, will not consider a judge's oral statements setting forth the basis for his judgment as a
substitute for formal findings of fact and conclusions of law. In re W.E.R., 669 S.W.2d at 717;
see Davis, 571 S.W.2d at 862 n.2. We look to the court's order, not its oral statements from the
bench. Jampole v. Touchy, 673 S.W.2d 569, 574 (Tex. 1984). Therefore, we must uphold the
temporary injunction if there is any basis in the record to support the order under any legal
theory. Davis, 571 S.W.2d at 862.

 In their petition for temporary injunctive relief, the Insurance Companies alleged
several independent legal theories on which they seek to prove the Order invalid. They need
demonstrate a probable right to recover on only one. The Department has failed to address these
bases on appeal and does not complain that the trial court abused its discretion by granting relief
on any of these alternative grounds. Thus, we cannot say the trial court abused its discretion in
granting the temporary injunction in favor of the Insurance Companies. In re W.E.R., 669
S.W.2d at 717; Buchanan, 519 S.W.2d at 842; Robertson Transports, Inc., 261 S.W.2d at 552.

 In point of error number two, the Department argues the trial court abused its
discretion when it determined that the Insurance Companies would be irreparably harmed without
the temporary injunction. The Department contends the Order simply requires the Insurance
Companies to follow certain rules in renewing policies that several of the companies had already
implemented. The Department points to certain testimony indicating that insurers often attempt
to achieve, through their own practices, some of the requirements contained in the Order. Thus,
argues the Department, because the Insurance Companies were already doing or intended to do
what the Order required, no irreparable harm would result from the Order's implementation.

 In response, the Insurance Companies argue the Order would place an unwarranted
economic burden on them. At the hearing, the Insurance Companies demonstrated that the Order
would contractually bind them to insure large numbers of policyholders who, under current
policy, could be non-renewed due to a condition on the premises. Among other concerns, they
would experience losses from costs associated with stricter inspections for new business and for
properties being renewed, follow-up inspections to determine whether repairs had been completed,
and anticipated losses from properties that could not be non-renewed in the future because of
conditions existing at the time of the last renewal.

 In essence, it is the Insurance Companies' position that although some of them are
currently implementing certain procedures required by the Order, they would be irreparably
harmed if they were required to do so in every case and under every condition. They contend that
the trial court did not abuse its discretion in concluding that irreparable harm would result
because, even if the Order were held invalid at a trial on the merits, the Insurance Companies
would nevertheless be contractually bound to large numbers of policyholders holding policies
containing the required endorsement. Any dispute between the Insurance Companies and these
policyholders would then have to be individually litigated.

 Based on the foregoing, appellants have failed to show, and this Court cannot say,
that the trial court abused its discretion in issuing the temporary injunction. "An abuse of
discretion does not exist where the trial court bases its decisions on conflicting evidence." Davis,
571 S.W.2d at 862; Zmotony v. Phillips, 529 S.W.2d 760 (Tex. 1975). Here, all parties offered
evidence at the hearing concerning the likely consequences of the Order. The trial court
concluded that a temporary injunction was necessary to prevent irreparable harm to the Insurance
Companies. We cannot say that by doing so the trial court abused its discretion. The second
point of error is overruled.

 Finding no error, the trial court's temporary injunction order is affirmed.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: October 6, 1993

Do Not Publish

1.   See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 1986 and Supp. 1993).