TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00353-CV







Gregory Daniels, Appellant


v.


Balcones Woods Club, Inc., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT

NO. GN200811, HONORABLE DARLENE BYRNE, JUDGE PRESIDING






 Appellant Gregory Daniels asks this Court to vacate the district court's temporary
injunction, arguing that the district court abused its discretion. We will affirm the order of the
district court. 


BACKGROUND

 Balcones Woods is a neighborhood located in north Austin containing homes that
range in property value from $160,000 to $250,000. Lots in the subdivision are subject to certain
restrictive covenants filed in the county deed records. The neighborhood is governed by appellee
Balcones Woods Club, Inc. ("the Association"), a neighborhood association. It is the duty of the
Association's board of directors to enforce the restrictive covenants governing property in the
neighborhood. 

 Daniels, a resident of Balcones Woods neighborhood, testified that over the past four
to five years he has parked a vehicle on the front lawn of his residence. Around September 2001,
he began parking his blue 1990 Mazda 626 sedan there. From February 2001 to October 2001, the
Association's operating committee sent Daniels three letters notifying him that he had violated the
subdivision's restrictive covenants and specifying the appropriate procedure to address the violation. (1) 
Although Daniels acknowledges receipt of the notices, he ignored the letters because he believed he
had not breached the covenants. In January 2002, the Board of Directors sent him a notice that they
would sue to enforce the restrictive covenants unless he ceased the violation or requested a hearing
before the Board to resolve the matter. Again, Daniels did not respond to the notice; the Association
filed suit in March 2002 and sought a temporary injunction pending trial on the merits. 

 At the temporary injunction hearing, the Association argued that Daniels had violated
the restrictive covenants by parking his vehicle in his front yard. Additionally, the Association
produced testimony that a vehicle parked on a front lawn harms the image of the neighborhood with
respect to potential buyers and undermines the Board's ability to enforce deed restrictions. Daniels
stipulated that he is governed by the neighborhood's restrictive covenants; however, he contended
that his actions did not constitute a violation. The district court granted the Association's request
for a temporary injunction prohibiting Daniels from parking his vehicle in his front yard during the
pendency of the lawsuit. Daniels appeals the temporary injunction order, claiming that the district
court abused its discretion.


STANDARD OF REVIEW

 The decision to grant or deny a temporary injunction lies within the trial court's sound
discretion. Walling v. Metcalfe, 863 S.W.2d 56, 58 (Tex. 1993). In an appeal from an order granting
or denying a request for a temporary injunction, appellate review is confined to the validity of the
order that grants or denies the relief. Universal Health Servs., Inc. v. Thompson, 24 S.W.3d 570, 576
(Tex. App.--Austin 2000, no pet.). The test for determining whether a party is entitled to a
temporary injunction is whether the movant demonstrates both a probable right to recovery and a
probable, irreparable injury in the absence of interim relief. Walling, 863 S.W.2d at 57; Texas
Alcoholic Beverage Comm'n v. Amusement & Music Operators, Inc., 997 S.W.2d 651, 657 (Tex.
App.--Austin 1999, pet. dism'd w.o.j.). In determining whether the district court arbitrarily or
unreasonably granted a temporary injunction, the appellate court reviews the evidence in the light
most favorable to the district court's order. Universal Health Servs., Inc., 24 S.W.3d at 576. Proof
that the applicant ultimately will prevail at trial is not required. Transport Co. v. Robertson Transp.,
261 S.W.2d 549, 552 (Tex. 1953). 

 The appellate court may not consider the merits of the lawsuit in making its review. 
Davis v. Huey, 571 S.W.2d 859, 861-62 (Tex. 1978); Public Util. Comm'n v. Coalition of Cities for
Affordable Util. Rates, 776 S.W.2d 224, 226 (Tex. App.--Austin 1987, no writ). We may reverse
the district court's order only on a showing of a clear abuse of discretion. Robertson Transp., 261
S.W.2d at 552; Amalgamated Acme Affiliates, Inc. v. Minton, 33 S.W.3d 387, 392 (Tex.
App.--Austin 2000, no pet.). Thus, we will not reverse the district court's order if the district court
was presented with conflicting evidence and the record includes evidence that reasonably supports
the district court's decision. See Universal Health Servs., Inc., 24 S.W.3d at 576. 


DISCUSSION Daniels asks this Court to vacate the district court's temporary injunction order,
arguing that the district court abused its discretion by: (1) acting arbitrarily and unreasonably in
concluding that the Association had a probable, irreparable injury and probable right of recovery;
(2) determining that preservation of the status quo was the removal of Daniels's vehicle from the
front yard; and (3) balancing any equities in favor of the Association. 


Probable Right of Recovery and Probable, Irreparable Injury

 To demonstrate a probable right of recovery, a party must have a cause of action for
which it may be granted relief. Universal Health Servs., Inc., 24 S.W.3d at 577. It is undisputed that
Daniels's property is subject to restrictive covenants, and that the Association has the authority to
bring an action to enforce the covenants in the event of a breach.

 In support of its cause of action for breach of restrictive covenants, the Association
presented testimony that the Board of Directors believed Daniels to be in violation of Article V,
section 12 of Balcones Wood's Declaration of Covenants, Conditions, and Restrictions. Section 12
declares that "no motor boat, camper, truck or trailer, or unsightly vehicles or objects [should] be
parked or stored between the curb and building line of any lot." Therefore, the Association's board
of directors determined that Daniels's car parked in his front yard constituted an unsightly object. 
Additionally, residents of Balcones Woods testified that the location of the vehicle made it an
unsightly object and that the condition of the property around and under the vehicle created an
unsightly appearance. (2)

 Daniels contends that the word "unsightly" in Section 12 refers to the vehicle itself. 
While he recognizes that the paint is chipped on his vehicle's bumper and that some of his neighbors
consider the vehicle itself unsightly, he argues that the car is not an "unsightly vehicle" because it
has no flat tires, missing hubcaps, or dents. Because he believed his vehicle not to be unsightly,
Daniels concluded that he was not in violation of section 12 and did not have to respond to the
notices. Testimony from a member of the Board of Directors verified Daniels's belief that if a
person had not violated a covenant, then that person had no obligation to respond to the violation
notices. However, because both parties presented conflicting evidence as to whether Daniels's
vehicle was unsightly or an object that violated the restrictive covenants, the district court could
reasonably have concluded that the Association had a cause of action for breach of covenant
restrictions and did not abuse its discretion in finding the Association had a probable right of
recovery.

 The party requesting the temporary injunction must also show a probable, irreparable
injury. Walling, 863 S.W.2d at 57. To demonstrate a probable, irreparable injury, a party must show
an injury for which there is no real legal measure of damages or none that can be determined with
a sufficient degree of certainty. See Universal Health Servs., Inc., 24 S.W.3d at 577. During the
hearing, the Association relied on the testimony of two residents to establish irreparable injury. 
Thomas Terry, a previous member of the Association's board of directors and a real estate appraiser,
testified that a vehicle parked on the front lawn has a negative effect on a buyer's impression of the
neighborhood. (3) Additionally, John Schexnayder, a current member of the Board of Directors,
testified that allowing a violation of a covenant restriction to go unchallenged would send a message
to the residents of Balcones Woods that they have a license to violate the restrictive covenants. Thus
the district court, in its discretion, reasonably could have concluded that this testimony established
damages that could not be sufficiently determined, causing the Association and its property owners
to suffer a probable, irreparable injury. 


Preservation of the Status Quo

 Daniels contends that the district court abused its discretion by restraining him from
parking his vehicle in his yard in order to preserve the status quo. A temporary injunction serves to
preserve the status quo. Walling, 863 S.W.2d at 57. Daniels argues that the status quo would allow
his parking his vehicle in the front yard. The status quo is defined as "the last, actual, peaceable,
noncontested status which preceded the pending controversy." Robertson Transp., 261 S.W.2d at
553-54. Thus, "if an act of one party alters the relationship between that party and another, and the
latter contests the action, the status quo cannot be the relationship as it exists after the action." 
Universal Health Servs., Inc., 24 S.W.3d at 577. It was Daniels's decision to park his vehicle
continuously in his front yard that changed the parties' relationship and that gave rise to the current
dispute. Thus, the status quo is the relationship between Daniels and the Association as it existed
before Daniels parked his vehicle in his front yard.


Balancing Equities

 Daniels also contends that the district court abused its discretion by concluding that
a balance of the equities weighed in favor of granting the temporary injunction. In deciding to grant
the temporary injunction, a district court "balances the equities of the parties and the resulting
conveniences and hardships." Id. at 578. The district court necessarily balanced the potential
damage to the neighborhood against Daniels's ability to move the car. Daniels argues that he suffers
from not being able to park his vehicle wherever he wants and in having to obtain proper registration
to park the vehicle permanently on the street, and that his hardship outweighs the hardship to the
neighborhood in having a vehicle parked in his front yard. Although equities may exist on both
sides, we cannot say that the district court abused its discretion in finding that the equities balance
in favor of the Association. We therefore overrule Daniels's issues on appeal. (4) CONCLUSION

 We hold that Daniels has not demonstrated that the trial court abused its discretion
in granting the Association a temporary injunction. Accordingly, we affirm the order of the district
court.



 __________________________________________

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: October 31, 2002

Do Not Publish

1. The first and last letter both stated that if Daniels felt he had not violated the covenants,
he should contact the operating committee in writing.
2. Daniels's neighbor testified that he had witnessed grass and weeds grow up around the
vehicle as a result of the vehicle being permanently parked in the front yard.
3. Terry testified that "the overall appearance of the neighborhood as far as the general upkeep
of the individual residences" would attract or deter a prospective home buyer from a neighborhood
like Balcones Woods.
4. In one concluding sentence, and without argument or citation to authority, Daniels suggests
that if this Court finds the Association's cause is "devoid of merit" it therefore should be dismissed. 
Because we overrule his complaint on appeal, we also decline to dismiss the underlying cause.