ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 25, 2007

Mr. C. Tom Clowe, Jr.  
Chair, Texas Lottery Commission  
Post Office Box 16630  
Austin, Texas 78761-6630

Opinion No. GA-0505

Re: Whether section 2001.160 of the Occupations Code allows the holder of a commercial bingo lessor license to transfer the license to a person other than a corporation formed or owned by the license holder (RQ-0506-GA)

Dear Mr. Clowe:

As chair of the Lottery Commission (the "Commission"), you ask whether Occupations Code section 2001.160(c) allows the holder of a commercial bingo lessor license to transfer the license to a person other than a corporation formed or owned by the license holder.[1] If not, you ask about the status of licenses previously transferred with the Commission's approval to persons other than the license holder's corporation. Request Letter, *supra* note 1, at 2.

Generally, a person must hold a commercial lessor license to lease the premises on which bingo is conducted directly to a licensed authorized organization. *See* TEX. OCC. CODE ANN. §§ 2001.002(15), .151, .401 (Vernon 2004). A "person" may be "an individual, partnership, corporation, or other group." *Id.* § 2001.002(20). The Commission is required to issue the license if it determines that the applicant meets certain qualifications. *Id.* § 2001.159(a). The license is effective for a period no longer than one or two years, depending on the fee paid and the Commission's approval. *Id.* §§ 2001.158(d), .159, .307.

Section 2001.160 of the Occupations Code governs the transfer of a commercial lessor license. *Id.* § 2001.160. Section 2001.160(c) authorizes a commercial lessor license holder to transfer the license to a corporation formed or owned by the holder. *Id.* § 2001.160(c). You specifically ask whether section 2001.160(c) should be construed as (1) a limitation, permitting transfers only to corporations formed or owned by the licensee, or (2) as "a non-restrictive example of one type of permissible transfer." Request Letter, *supra* note 1, at 1. Subsection (c) cannot be construed in isolation, however. *See Cont'l Cas. Co. v. Downs*, 81 S.W.3d 803, 805 (Tex. 2002) (holding that courts "consider a statute as a whole, not its provisions in isolation"). In essence, your

---

[1]*See* Letter from C. Tom Clowe, Jr., Chair, Texas Lottery Commission, to Honorable Greg Abbott, Attorney General of Texas (July 5, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

question is whether section 2001.160, considered as a whole, allows a commercial bingo lessor license holder to transfer the license to individuals or business entities other than a corporation owned by the license holder.

Courts generally interpret an unambiguous statute according to its plain language. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). Accordingly, we begin with the plain language of section 2001.160 of the Occupations Code, which provides:

> (a) A licensed commercial lessor may not transfer a commercial lessor license except as provided by this section.
>
> (b) A transfer of a commercial lessor license under this section may be made only with the prior approval of the commission. The commission shall approve the transfer under this section if the person to whom the license will be transferred otherwise meets the requirements of this section.
>
> (c) A licensed commercial lessor may transfer a license held by the license holder to a corporation formed by the license holder or from one corporation owned by the license holder to another corporation owned by the license holder.
>
> (d) . . . [I]f an individual who holds a commercial lessor license dies or becomes incapacitated as determined by a court of this state, the individual's license is part of the individual's estate and is subject to the applicable laws governing the disposition and control of the person's property. . . .
>
> (e)–(g) [further provisions for transfer upon the death or disability of the license holder.]

TEX. OCC. CODE ANN. § 2001.160 (Vernon 2004). The meaning of these provisions, taken individually and as a whole, is clear. Subsection (a) prohibits transfers "except as provided by this section." *Id.* § 2001.160(a). Subsection (b) instructs that transfers under this section require prior Commission approval, but directs the Commission to approve a transfer to a person who meets the requirements of section 2001.160. *Id.* § 2001.160(b). Subsection (c) authorizes the license holder to transfer the license to a corporation formed or owned by the holder. *Id.* § 2001.160(c). Subsections (d) through (g) allow a license to transfer as a part of the holder's estate upon the holder's death or incapacity, subject to applicable laws governing distribution and control. *Id.* § 2001.160(d)–(g). Taken as a whole, section 2001.160 limits permissible transfers to (1) transfers from the license holder to corporations formed or owned by the license holder, and (2) transfers upon the holder's death or incapacity.

You suggest that section 2001.160 should be construed to be consistent with the language of its pre-code predecessor, article 179d, section 13(j) of the Revised Civil Statutes. Request Letter, *supra* note 1, at 1–2.[2] Prior to 1997, article 179d, section 13(j) of the Revised Civil Statutes authorized transfers only to corporations formed or owned by the licensee:

> A license may not be transferred by a licensee, except that a licensed commercial lessor may transfer a license held by the licensee to a corporation formed by the licensee or from one corporation owned by the licensee to another corporation owned by the licensee.[3]

You state that prior to 1997, the Commission did not approve transfers under article 179d other than to a corporation owned by the licensee. Request Letter, *supra* note 1, at 2.

In 1997, section 13(j) was amended to allow transfers in other circumstances:

> A license may not be transferred by a licensee except as provided by this subsection.

> > (1) A commercial license to lease bingo premises may be transferred to another person with the prior approval of the commission.

> > (2) A licensed commercial lessor may transfer a license held by the licensee to a corporation formed by the licensee or from one corporation owned by the licensee to another corporation owned by the licensee.

> > (3)–(5) [transfer provisions upon death or incapacity of the licenseholder.]

> > (6) . . . A transfer of a license under this subsection requires the prior approval of the commission. The commission shall

---

[2]*See* Bingo Enabling Act, 67th Leg., 1st C.S., ch. 11, § 13, art. 179d, sec. 13(g), 1981 Tex. Gen. Laws 85, 92–93, *amended by* Act of May 25, 1983, 68th Leg., R.S., ch. 575, § 10, art. 179d, sec. 13(j), 1983 Tex. Gen. Laws 3443, 3454, 3458, *amended by* Act of May 29, 1989, 71st Leg., R.S., ch. 238, § 8, 1989 Tex. Gen. Laws 1107, 1111–15, *amended by* Act of May 11, 1993, 73d Leg., R.S., ch 286, § 5, 1993 Tex. Gen. Laws 1325, 1326–27, *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 1057, § 3, 1995 Tex. Gen. Laws 5222, 5223, *amended by* Act of May 31, 1997, 75th Leg., R.S., ch. 1009, § 4, 1997 Tex. Gen. Laws 3604, 3605–07, *repealed by* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 6(a), 1999 Tex. Gen. Laws 1431, 2439.

[3]Act of May 29, 1995, 74th Leg., R.S., ch. 1057, § 3, art. 179d, sec. 13(j), 1995 Tex. Gen. Laws 5222, 5223.

> approve the transfer if the person to whom the license will be
> transferred otherwise meets the requirements for the license.[4]

After the 1997 amendment, "the commission began approving transfers from any commercial lessor licensee to any person (individual, partnership, corporation, LLC, etc.) that qualified for the license." Request Letter, *supra* note 1, at 2.

With the adoption of the Occupations Code in 1999, article 179d, section 13(j) of the Revised Civil Statutes was repealed, and its provisions were revised and codified as section 2001.160 of the Code.[5] *See* TEX. OCC. CODE ANN. § 2001.160 (Vernon 2004). You inform us that, relying on "the express [legislative] intent that the recodification was nonsubstantive," the Commission has construed section 2001.160 of the Occupations Code to have the same meaning as the pre-codified statute and has continued to approve transfers of commercial lessor licenses to any qualified person (individual or business entity), not just to a corporation owned by the license holder. Request Letter, *supra* note 1, at 2.

The act adopting the Occupations Code states that no substantive change in the law was intended.[6] As you note, however, the Supreme Court of Texas has limited the effect that may be given to general statements that a codification is not intended to be substantive:

> [W]hen ... specific provisions of a "nonsubstantive" codification and the code as a whole are *direct, unambiguous, and cannot be reconciled with prior law*, the codification rather than the prior, repealed statute must be given effect. .... The codifications enacted by the Legislature are the law of this State, not the prior, repealed law. When there is no room to interpret or construe the current law as embodying the old, we must give full effect to the current law. General statements of the Legislature's intent cannot revive repealed statutes or override the clear meaning of a new, more specific statute.

*Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286 (Tex. 1999) (emphasis added) (citations ommitted); *see also* Request Letter, *supra* note 1, at 2.

Here, section 2001.160 directly and unambiguously prohibits all transfers other than (1) transfers to a corporation formed or owned by the license holder, and (2) transfers upon the license holder's death or incapacity. *See* TEX. OCC. CODE ANN. § 2001.160 (Vernon 2004). Section 2001.160 does not contain any language that implies that the transfers the statute expressly provides

---

[4]Act of May 31, 1997, 75th Leg., R.S., ch. 1009, § 4, art. 179d, sec. 13(j), 1997 Tex. Gen. Laws 3604, 3605.

[5]Act of May 13, 1999, 76th Leg., R.S., ch. 388, §§ 1, 6(a), 1999 Tex. Gen. Laws 1431, 2333–34, 2439–40.

[6]*See id.* §§ 1, sec. 1.001(a), 7, at 1436, 2440; *see also* TEX. GOV'T CODE ANN. § 323.007 (Vernon 2005) (Statutory Revision Program).

for are merely examples of other authorized transfers. *See, e.g.*, TEX. GOV'T CODE ANN. § 312.011(19) (Vernon 2005) (providing that the words "includes" and "including" are "terms of enlargement and not of limitation or exclusive enumeration"). To the contrary, by expressly prohibiting transfers other than those provided by the section, section 2001.160(a) prevents a construction of subsection (c) as merely an exemplar of a permissible transfer. TEX. OCC. CODE ANN. § 2001.160(a), (c) (Vernon 2004). Because the intent expressed in section 2001.160(a) is clear from its plain language, we need not consider the import of other rules of construction, such as the doctrine that the statement of one thing implies the exclusion of others. *See, e.g.*, *Mid-Century Ins. Co. of Tex. v. Kidd*, 997 S.W.2d 265, 273–74 (Tex. 1999) (describing doctrine of *expressio unius est exclusio alterius*).

Section 2001.160's direct and unambiguous provision for transfers cannot be reconciled with the prior law. Former article 179d, section 13(j) of the Revised Civil Statutes permitted transfer of a commercial lessor license "to another person with the prior approval of the commission," which, as the Commission construed it, authorized a transfer to any person the Commission approved.[7] When it was codified, this provision changed from a grant of authority to a prohibition against unapproved transfers. *See* TEX. OCC. CODE ANN. § 2001.160(b) (Vernon 2004). Further, article 13(j) previously required the Commission to approve a transfer if the transferee "otherwise meets the requirements for the *license*."[8] As codified, this provision was modified to require the Commission to approve a transfer if the transferee meets the requirements "of this *section* [2001.160]." *See id.* (emphasis added). A person who is not authorized by the statute to receive a transferred license cannot meet the requirements of section 2001.160. And all of the requirements of section 2001.160 pertain to transfers described in subsections (c) and (d).

Because section 2001.160 of the Occupations Code cannot be reconciled with the prior law that allowed a license holder to transfer a license to "another person" with the Commission's approval, we must give section 2001.160 full effect according to its current language. *See Fleming Foods*, 6 S.W.3d at 286. We conclude that section 2001.160 of the Occupations Code does not authorize the holder of a commercial bingo lessor license to transfer the license to individuals or business entities other than a corporation formed or owned by the license holder.[9]

Because section 2001.160 limits commercial bingo lessor license transfers, we consider your question about the status of transfers that the Commission erroneously approved because of a mistake of law. Chapter 2001 is silent about licenses issued in error, and we have not located a judicial decision that addresses your precise question. Moreover, you have not informed us about the Commission's general procedure for authorizing a license transfer, nor have you described the circumstances of any particular transfer. We assume that the Commission's approval of a transfer

---

[7]Act of May 31, 1997, 75th Leg., R.S., ch. 1009, § 4, art. 179d, sec. 13(j)(1), 1997 Tex. Gen. Laws 3604, 3605.

[8]*Id.* art. 179d, sec. 13(j)(6), at 3605 (emphasis added).

[9]This conclusion is consistent with Attorney General Opinion GA-0007, advising that section 2001.160 did not permit a commercial license holder to transfer the license to a limited partnership. *See* Tex. Att'y Gen. Op. No. GA-0007 (2003) at 1, 6–8.

is embodied in a Commission order. We further assume that in many cases an order transferring a license has been followed by subsequent orders granting a new license, an amended license, or a renewal. Based on the limited information provided and because of the potential for widely varying circumstances, we cannot definitively answer your question. However, there are broad principles that are pertinent to your inquiry.

First, some courts have held in the context of collateral attack that an agency's order may be void, but only for two reasons: "1) the order shows on its face that the agency exceeded its authority, or 2) a complainant shows that the order was procured by extrinsic fraud." *Chocolate Bayou Water Co. v. Tex. Natural Res. Conservation Comm'n*, 124 S.W.3d 844, 853 (Tex. App.—Austin 2003, pet. denied); *see also Lesikar v. Rappeport*, 33 S.W.3d 282, 316 (Tex. App.—Texarkana 2000, pet. denied). Thus, an order granting a license, an amended license, or a renewal that does not show a lack of Commission authority on its face and that was not procured by extrinsic fraud would not be void.

Second, an agency may not reopen an order that is administratively final except as authorized by statute or, in some cases, for changed factual circumstances. *See Young Trucking, Inc. v. R.R. Comm'n of Tex.*, 781 S.W.2d 719, 721 (Tex. App.—Austin 1989, no writ); *S. Tex. Indus. Servs., Inc. v. Tex. Dep't of Water Res.*, 573 S.W.2d 302, 304 (Tex. Civ. App.—Austin 1978, writ ref'd n. r. e.). An agency's reinterpretation of a statute, however, is not the kind of changed circumstances that warrants reopening an administratively final order. *See Al-Jazrawi v. Tex. Bd. of Land Surveying*, 719 S.W.2d 670, 672 (Tex. App.—Austin 1986, writ ref'd n. r. e.) (holding that a registering agency's new view of the law, applied to the same facts as before, may not serve as basis for setting aside the agency's prior final order).

And chapter 2001 gives the Commission only limited authority to reexamine an order granting a license. For instance, the Commission may suspend or revoke a license, after a hearing, for a failure to comply with chapter 2001 or a Commission rule, or for "a reason that would allow or require the commission to refuse to issue or renew a license of the same class." TEX. OCC. CODE ANN. § 2001.353(2) (Vernon 2004). The Commission also may order a temporary suspension of a license, but only after notice and hearing. *Id.* §§ 2001.355–.356. And the Commission may amend a license "if the subject matter of the proposed license could properly have been included in the original license." *Id.* § 2001.306(a). But because no provision in chapter 2001 suggests that the Commission has general authority to reopen a final order granting a license transfer, we conclude it does not have such authority. *Cf. Denton County Elec. Coop., Inc. v. Pub. Util. Comm'n of Tex.*, 818 S.W.2d 490, 492 (Tex. App—Texarkana 1991, writ denied) (holding that when a statute authorizes an agency to amend or revoke a certificate and prescribes the method for doing so, other powers to reexamine prior orders may not be implied). Of course, the Commission may revoke or refuse to renew the license of any holder, including a transferee, for violations of a statute or rule, or for not currently meeting the qualifications of a commercial lessor. *See, e.g.*, TEX. OCC. CODE ANN. §§ 2001.152 (eligibility), 2001.153 (restrictions on source of funds), 2001.154 (ineligible persons), 2001.353 (suspension or revocation for "a reason that would allow or require the commission to refuse to issue or renew a license of the same class") (Vernon 2004).

## S U M M A R Y

Section 2001.160 of the Occupations Code does not authorize the holder of a commercial bingo lessor license to transfer the license to a person other than a corporation formed or owned by the license holder. An order of the Texas Lottery Commission transferring a commercial lessor license or granting a subsequent license, an amended license, or a renewal that does not show a lack of Commission authority on its face and that was not procured by extrinsic fraud is not void. The Commission does not have general authority to reopen an order granting a license transfer that has become administratively final.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee