# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00543-CV

**Texas Board of Nursing, Appellant**

**v.**

**Amy Bagley Krenek, RN, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT NO. D-1-GN-09-001195, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this administrative appeal, the Texas Board of Nursing (the Board) appeals from the district court's judgment that reversed portions of the Board's final order disciplining appellee Amy Bagley Krenek, RN, by warning with stipulations. The district court struck the Board's stipulation that prohibited Krenek's use of alcohol for one year of employment and the Board's discussion in its order regarding documentation of the administration of medications. Because we conclude that this case is moot, we vacate the judgment of the district court and dismiss this case for want of jurisdiction. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012) ("If a case is or becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction." (citing *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 229–30 (Tex. 1993)).

**BACKGROUND**

The Board brought charges against Krenek for alleged violations of the Texas Nursing Practice Act (the Act) and Board rules. *See* Tex. Occ. Code § 301.452(b) (listing grounds for disciplinary action). The Board's charges included that Krenek had tested positive for drugs. *See id*. § 301.452(b)(10) (subjecting a person to disciplinary action for "unprofessional . . . conduct that, in the Board's opinion, is likely to deceive, defraud, or injure a patient or the public"); 22 Tex. Admin. Code § 217.12 (10)(D) (Texas Board of Nursing, Unprofessional Conduct) (defining "unprofessional conduct" to include "positive drug screen for which there is no lawful prescription"). The Board also charged Krenek, among other charges, with the failure to completely and accurately document the administration of medications. *See* 22 Tex. Admin. Code §§ 217.11(1)(D) (iv) (including within standards of nursing practice that nurses "shall . . . accurately and completely report and document . . . administration of medications and treatments"), .12(1)(A) (defining "unprofessional conduct" to include failing to practice nursing in conformity with minimum standards in rule 217.11).

Krenek disputed the charges, and the matter was referred to the State Office of Administrative Hearings (SOAH) for a contested case hearing. *See* Tex. Occ. Code § 301.454. After a three-day hearing, the administrative law judge (ALJ) issued her proposal for decision (PFD) with findings of fact and conclusions of law. The ALJ found that Krenek tested positive for drugs on two occasions.[1] The ALJ, however, found that the Board did not prove its other charges, including its

---

[1] Among her findings of fact, the ALJ found:

- In a random drug screen, Respondent tested positive for Propoxyphene on January 21, 2005, and did not have a prescription filed with TPAPN [Texas Peer Assistance Program for Nurses] for the drug.

charges related to documentation. Based upon her findings of fact and conclusions of law, the ALJ concluded that Krenek "should be issued a written warning" pursuant to section 301.453(a) of the Occupations Code. *See id.* § 301.453(a) (listing sanctions that Board may impose for violation of section 301.452(b)).

In its opinion and order, the Board adopted the ALJ's findings of fact and conclusions of law except the ALJ's conclusion of law addressing the appropriate sanction. The Board modified the conclusion to read as follows:

> Based on the Findings of Fact and Conclusions of Law, Respondent should be issued a written WARNING with STIPULATIONS under the provisions of the Occupations Code § 301.453(a).

*See id.*; *see also* 22 Tex. Admin. Code § 213.33(g)(2)(C) (requiring that warning "include reasonable probationary stipulations"). The stipulations included a requirement that Krenek abstain from the use of alcohol as well as other controlled substances during the stipulation period of one year of employment and that she be subject to random alcohol and drug screens. The Board also discussed in its order the applicable standards for documenting the administration of medication, expressly disagreeing with several of the ALJ's statements in her discussion section of the PFD.

Krenek sought judicial review of the Board's order. *See* Tex. Occ. Code § 301.555 (providing judicial review to "person against whom the board has taken adverse action" under chapter

---

- Respondent tested positive for methamphetamines and amphetamines on July 21, 2006, a day on which she was not on duty or call [at her place of work]. Respondent was dismissed from TPAPN.

3

301 of Occupations Code); Tex. Gov't Code § 2001.171 (providing right to judicial review to a person "who is aggrieved by a final decision in a contested case"). She challenged the Board's modification of the ALJ's sanction of a warning only to a warning with stipulations and the requirement that she abstain from alcohol consumption when she was not working or on call. She also challenged the Board's discussion in its order regarding documentation. She contended that this language substantially prejudiced her right to practice her profession and earn a living. *See* Tex. Gov't Code § 2001.174 (allowing court to reverse and remand if "substantial rights of the appellant have been prejudiced" and, among other grounds, "the administrative findings, inferences, conclusions, or decisions are . . . not reasonably supported by substantial evidence").

After a hearing and briefing by the parties, the district court reversed the Board's order in part. The district court concluded that the Board's discussion in its order "regarding documentation" was not supported by substantial evidence and struck that language from the order. The district court also concluded that there was "no evidence that Plaintiff has abused or is likely to abuse alcohol" and that the Board "may not prohibit Plaintiff's use of alcohol except to prevent any effects on the performance of her employment duties." The district court struck "such prohibition" in the Board's order. Based upon its conclusion that the order was otherwise supported by substantial evidence, the district court affirmed the Board's order in all other respects. The district court expressly affirmed the Board's authority "to require Plaintiff to submit to whatever means of testing—as part of the stipulations in the Order—which it determines is reasonable," including "random urinalysis testing."

4

**ANALYSIS**

The Board raises two issues on appeal. In its first issue, the Board contends that the

trial court erred by striking the portion of the Board's order discussing documentation.**²** In its second

--------

² The trial court struck the following language from the Board's order:

Additionally, to the extent that a conclusion was reached by the ALJ regarding a nurse's duty to document the administration of medications and treatments, the Board reiterates its position that a nurse has an affirmative duty to accurately and completely report and document the administration of medications and treatments. The ALJ states on page 2 of the PFD that no rule or policy was presented to establish that the person withdrawing the medication is the person who is supposed to administer it and document the administration. Further, the ALJ states on page 5 of the PFD that neither the documentary evidence nor the testimony of Carol Marshall establishes the obligation that the nurse who withdraws the medication is also the one who is to administer the medication and document that the medication was administered. Although there are no Findings of Fact or Conclusions of Law that reflect these statements made in the PFD, the Board disagrees that one's failure to document the administration or non-administration of a narcotic is not a fundamental omission in the minimum duty of a nurse. The Occupations Code § 301.002(2) defines *professional nursing* as necessarily involving the administration of a medication or treatment as ordered by a physician, podiatrist, or dentist. Further, the Board has adopted rules specifically addressing the standard of nursing practice applicable to the administration and documentation of medication and treatments. 22 Texas Administrative Code § 217.11(1)(D)(iv) expressly requires all vocational nurses, registered nurses, and registered nurses with advanced practice authorization to accurately and completely report and document the administration of medications and treatments. If it were an accepted standard practice that a nurse could withdraw narcotic medication without documenting the administration of the medication, the threat to the public health and safety would be immediate and catastrophic. Subsequent care givers would not know what medications a patient had been given or if the medications were effective. Nurses attempting to follow a doctor's orders could not be confident that an overdose would not be at risk. A nurse has an affirmative duty to accurately and completely report and document the administration of medications and treatments. Any conclusion or statement in the PFD that is not a minimum standard of nursing to assure the documentation of one's administration of medication is not to be considered Board policy or precedent.

5

issue, the Board contends that the trial court erred by determining that the Board's stipulation requiring Krenek to submit to random screening for alcohol use was inappropriate.[3]

The Board has filed a post-submission brief advising this Court that its second issue is now moot because Krenek has completed all of the stipulations in the Board's order, including screening for alcohol use, and that her license is current without restrictions. The Board also urges that Krenek's challenge in her suit for judicial review as to this issue is moot for the same reason. The Board, however, maintains that its first issue concerning documentation is not moot.

Krenek filed a response to the Board's post-submission brief. She agrees that she has complied with the alcohol screening requirement, but she contends that the Board's second issue is not moot as to the "suggestion made by the Board's imposition of [the alcohol testing] requirement." She urges that there was no evidence that she was "an addict, an alcoholic, had a substance abuse problem, or was found to have engaged in 'intemperate use' of controlled substances or alcohol." She also asserts that the Board's issue of documentation is not moot. She, however, sought temporary relief from this Court as to the provisions of the Board's order requiring screening for alcohol use on the ground that she planned to return to work and, therefore, that the parties' dispute regarding that provision would become moot during the pendency of the appeal. She also chose not to appeal the district court's judgment in which the district court expressly affirmed the Board's authority "to

---

[3] Among her findings of fact, the ALJ found that Krenek had "no documented problems with alcohol abuse." The district court also concluded that there was "no evidence that Plaintiff has abused or is likely to abuse alcohol" and that the Board "may not prohibit Plaintiff's use of alcohol except to prevent any effects on the performance of her employment duties."

require Plaintiff to submit to whatever means of testing—as part of the stipulations in the Order—which it determines is reasonable," including "random urinalysis testing."

Appellate courts are prohibited from deciding moot controversies. *See In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (noting that case becomes moot if controversy ceases to exist on appeal); *William v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (noting that "a controversy must exist between the parties at every stage of the legal proceeding, including the appeal" for a plaintiff to have standing and that, if a controversy ceases to exist, the case becomes moot); *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (concluding appeal moot because "there ceased to be a live controversy" between the parties and dismissing cause as moot); *Texas Alcoholic Beverage Comm'n v. Carlin*, 477 S.W.2d 271, 273–74 (Tex. 1972) (affirming court of appeals's dismissal of cause seeking to set aside an administrative order suspending a permit and license and concluding that appeal was moot based upon subsequent actions of parties and that "particular controversy that gave rise to this suit, i.e. the dispute over the suspension of . . . permit and . . . license, has become simply an academic question"). "A case becomes moot when: (1) it appears that one seeks to obtain a judgment on some controversy, when in reality none exists; or (2) when one seeks a judgment on some matter which, when rendered for any reason, cannot have any practical legal effect on a then-existing controversy." *Texas Health Care Info. Council v. Seton Health Plan Inc.*, 94 S.W.3d 841, 846–47 (Tex. App.—Austin 2002, pet. denied); *see Carlin*, 477 S.W.2d at 273 (noting that "judgment upholding or overturning the suspension order will not finally resolve any existing controversy between the parties").

7

As noted above, Krenek accepted the district court's judgment, choosing not to pursue an appeal to this Court, and the parties agree that she has now fully complied with the Board's stipulations, including the Board's requirement for her to submit to alcohol screening during the period of one year of employment. Even were we to sustain the Board's issues then, the result would be the same: Krenek's license would be current without restrictions. In this context, we would be issuing an advisory opinion were we to address the Board's issues. *See* Tex. R. App. P. 47.1; *Gonzalez*, 33 S.W.3d at 822 (noting that Texas courts do not have jurisdiction to issue advisory opinions); *Cooper v. Coe*, 188 S.W.3d 223, 229 (Tex. App.—Tyler 2005, pet. denied) (noting that advisory opinions are forbidden by the Texas Constitution); *see also* Tex. Const. art. II, § 1.[4] Further, any action that we take to affirm or reverse the Board's order at this point would have no "practical legal effect on a then-existing controversy." *See Seton Health Plan Inc.*, 94 S.W.3d at 846–47. We therefore conclude that there is no longer a live controversy between the parties, and that this case is moot. *See id.*; *Carlin*, 477 S.W.2d at 273; *see also Lara*, 52 S.W.3d at 184; *Gonzalez*, 33 S.W.3d at 822; *Speer*, 847 S.W.2d at 229.

**CONCLUSION**

For these reasons, we vacate the judgment of the district court and dismiss this case as moot. *See Heckman*, 369 S.W.3d at 162.

---

[4] Neither party contends that an exception to the mootness doctrine applies. *See General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990) (discussing "capable of repetition" and "collateral consequences" exceptions to mootness doctrine); *University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 304 (Tex. App.—Austin 1993, no writ) (same).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed as Moot

Filed:   October 2, 2013