**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Petitioner,**

v.

**Carl E. CARLIN, d/b/a White Room, Respondent.**

**No. B–2883.**

Supreme Court of Texas.

March 1, 1972.

Crawford Martin, Atty. Gen., Larry J. Craddock, Asst. Atty. Gen., Austin, for petitioner.

Abraham D. Ribak, San Antonio, for respondent.

WALKER, Justice.

This is a suit to set aside an order of the Texas Alcoholic Beverage Commission, petitioner, suspending the wine and beer retail permit and the retail dealer's on-premise late hours license held by Carl E. Carlin, respondent. The trial court rendered judgment setting aside the order of suspension on the ground that it is not supported by substantial evidence. The Court of Civil Appeals reversed the trial court's judgment and dismissed the cause as moot. 468 S.W.2d 521. We agree that the cause is moot, but our conclusion in this respect is based on events that occurred after the decision of the Court of Civil Appeals.

Under the terms of the Commission's order, which was issued on June 8, 1970, Carlin's permit and license were suspended for a period of 15 days from June 22, 1970. Carlin instituted this suit promptly, and on June 18, 1970, the trial court entered an ex parte order staying enforcement of the administrative suspension order. The Commission filed a motion to dismiss, asserting that under the provisions of Arts. 666–15 and 667–22, Vernon's Ann.P.C.,[1] Carlin had no right to appeal from the order of suspension. This motion was overruled, and the Commission excepted to the ruling but declined to participate further in the trial of the case. The trial court then heard the evidence and eventually rendered judgment on the merits in Carlin's favor on August 27, 1970.

The Court of Civil Appeals reasoned that the order of suspension was and could be effective only for the specific 15-day period designated therein. Since this period of 15 days, which began on June 22, 1970, expired even before judgment was rendered by the trial court, the intermediate court concluded that the cause is moot. We granted the Commission's application for writ of error, because it was our tentative view that the holding of the Court of Civil Appeals is unsound. See Department of Public Safety of State of Texas v. Austin, 163 Tex. 280, 354 S.W.2d 376; Chapman v. State, Tex.Cr.App., 377 S.W.2d 953; Milam v. Texas Dept. of Public Safety, Tex.Civ.App., 359 S.W.2d 623 (wr.ref. n.r.e.); Texas Dept. of Public Safety v. Perlman, Tex.Civ.App., 340 S.W.2d 522 (wr. ref. n.r.e.). These cases were distinguished by the Court of Civil Appeals on the ground that under the statute there involved an appeal from an order suspending a driver's license abates the suspension until a final judgment is rendered. See Art. 6687b, Secs. 22(c) and 31, Vernon's Ann.

1. Except as otherwise indicated, all statutes are referred to by the article number under which they appear in Vernon's Annotated Penal Code.

Tex.Civ.St. It should be noted in this connection that Art. 666–14 provides that the order, decision or ruling of the Board or Administrator may be suspended or modified by the district court on appeal pending a trial on the merits. In view of these provisons we are not entirely satisfied that the distinction suggested by the Court of Civil Appeals is valid, but that question cannot be decided here.

Shortly before the case was to be argued in this Court, the Attorney General learned for the first time that Carlin no longer holds a wine and beer retail permit. The parties have now filed a stipulation showing that on June 22, 1971, which was after the motion for rehearing was overruled by the Court of Civil Appeals, the Commission issued to Carlin a mixed beverage permit and, in conjunction therewith, a late hours permit. At that time Carlin surrendered his wine and beer retail permit to the Commission. He apparently has no further need for a late hours license such as that held by him in connection with his wine and beer retail permit.

The particular controversy that gave rise to this suit, i. e., the dispute over the suspension of Carlin's wine and beer permit and late hours license, has become simply an academic question. So far as we have been able to determine, the Texas Liquor Control Act contains no provision making an order suspending a permit or license of one class effective to prevent the holder from operating under a permit or license of an entirely different class. It is clear then that the order here under attack will not in itself, if upheld and made effective now, affect the permits issued to Carlin in 1971.

Since Carlin is still in the liquor business and operating under existing permits, the Attorney General suggests that the case is analogous to House of Tobacco v. Calvert, Tex.Sup., 394 S.W.2d 654, and Isbell v. Brown, Tex.Civ.App., 196 S.W.2d 691 (wr. ref.). These cases were attacks on orders forfeiting a cigarette permit and revoking a real estate dealer's license. The applicable statutes contained provisions under which the holder's right to a new permit or license authorizing him to do business during a subsequent period might be affected by the forfeiture or revocation under attack. It was accordingly held that the cases were not moot even though the permit or license in question had expired by operation of law and enforcement of the administrative order apparently had not been stayed.

There is no comparable provision in the Liquor Control Act, and it is our opinion that *House of Tobacco* and *Isbell* are not applicable here. The grounds for refusing to issue an original or renewal permit are found in Art. 666–11, while the grounds for cancelling or suspending a permit are set out in Art. 666–12. Neither of these statutes contains anything to suggest that the previous suspension of Carlin's wine and beer retail permit or late hours license has, in itself, any bearing upon the renewal, cancellation or suspension of his existing mixed beverage and late hours permits.

It is also suggested that a final judgment in this suit will be conclusive between the parties as to the facts underlying the original order of suspension. A new order suspending Carlin's present permits could then be based, we are told, on the judgment in the instant case. This may well be so in some instances. No attempt will be made to explore that question, however, since a judgment upholding or overturning the suspension order will not finally resolve any existing controversy between the parties. The suspension order is predicated on a finding that on December 25, 1969, Carlin conducted "his business in a place and manner of such nature which, based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the said permit and license." See Art. 667–19, subd. A(14). From a reading of Arts. 666–11 and 666–12, it seems to us that the "fact" underlying the suspension order, even if

conclusively established as between the parties, is simply a circumstance to be considered by the Commission in determining whether to renew, cancel or suspend the 1971 permits. A decision of the case would thus serve no purpose except to determine the law or the facts for the guidance of the parties in the event another and different controversy should arise between them. The courts do not sit for that purpose, and it is our opinion that the case is moot.

The judgment of the Court of Civil Appeals is affirmed.