SOUTH TEXAS INDUSTRIAL SERV-
ICES, INCORPORATED, Appellant,

v.

TEXAS DEPARTMENT OF WATER
RESOURCES et al., Appellees.

No. 12787.

Court of Civil Appeals of Texas,
Austin.

Nov. 1, 1978.

Rehearing Denied Nov. 22, 1978.

Harry J. Schulz, Three Rivers, for appellant.

John L. Hill, Atty. Gen., W. Thomas Buckle, Asst. Atty. Gen., Austin, for Texas Dept. of Water Resources and Texas Water Development Bd.

James F. McKibben, Jr., Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for City of Corpus Christi.

PHILLIPS, Chief Justice.

This appeal was brought by appellant from the judgment of the trial court affirming the revocation of appellant's permit for the disposal of hazardous waste materials.

We affirm.

On December 5, 1973, the Texas Water Quality Board, acting through its Executive Director, issued appellant a "Certificate of Registration for an Industrial Solid Waste Management Site."[1] Following public hearings, the board members of the agency approved the permit on April 24, 1974.

---

1. See Tex.Rev.Civ.Stat.Ann. art. 4477 -7 (Supp.1978).

On May 22, 1974, the Texas Water Quality Board suspended the certificate of registration and ordered a public hearing on the matter. Immediately following the May 22 suspension, two lawsuits were filed (one by the City of Corpus Christi) complaining of the original issuance of the permit. These suits are still pending.

The Board then finally and permanently revoked appellant's permit on January 28, 1975. It is from the judgment of the district court affirming the revocation that appellant has perfected its appeal to this Court. The Texas Water Development Board and Department of Water Resources have now replaced the Water Quality Board and are appellees along with intervenor City of Corpus Christi.

Appellant is before us on a number of points of error which, in our judgment, present the sole questions of whether the Board had jurisdiction to revoke the permit, and, if so, whether the revocation was based on substantial evidence.

Appellant contends that the Board lost jurisdiction over appellant's permit the moment Corpus Christi filed its appeal in district court on May 22, 1974, attacking the permit that the Board had issued on April 24, 1974. We do not agree with this contention.

The Solid Waste Disposal Act provides:
"The state agency has the authority, for good cause, after hearing with notice . . . to revoke or amend any permit it issues for reasons pertaining to public health, air or water pollution, land use, or violation of this Act or of any other applicable laws or regulations controlling the disposal of solid waste." Tex.Rev.Civ. Stat.Ann. art. 4477–7, § 4(e)(8) (Supp. 1974–1975) (Act amended 1978).

■ It is well settled that when a suit is brought to test the validity of an agency order, the agency loses jurisdiction over the subject matter of such order while the suit is pending.[2] It is equally well settled that an agency has the right to reopen a matter

and enter a different order upon a showing of changed circumstances; however, the agency does not have the authority to review a former order upon the same fact situation. See, e. g., *Railroad Commission v. Aluminum Co. of America*, 380 S.W.2d 599 (Tex.1964); *Magnolia Petroleum Co. v. New Process Production Co.*, 129 Tex. 617, 104 S.W.2d 1106 (1937); *Railroad Commission v. Humble Oil & Refining Co.*, 119 S.W.2d 728 (Tex.Civ.App.1938, writ ref'd). In *Magnolia* the Court stated: "If conditions change, rights change, and the governing statutes place the matter of ascertaining such rights and determining the facts relating thereto in the first instance under the jurisdiction of [the agency]." *Magnolia Petroleum Co. v. New Process Production Co., supra*, 104 S.W.2d at 1111.

■ Under the authority of *Magnolia* and the cited cases, it is our opinion that the rule with respect to the changed conditions is applicable to the facts hereinafter outlined. The agency has exclusive and original jurisdiction to determine the question of changed conditions. *Railroad Commission v. Wencker*, 140 Tex. 527, 168 S.W.2d 625 (1943); *Magnolia Petroleum Co. v. New Process Production Co., supra*. The appeal to the courts is confined to scrutiny of the conditions as they existed at the time of the original order. *Magnolia Petroleum Co. v. New Process Production Co., supra*. The agency loses jurisdiction only over the subject matter of the original order. The changed conditions, stated below, were not a part of the earlier hearing and therefore were not before the Court at the time the Commissioner issued the order in question. There is no infringement upon the authority of the Court here. Indeed, no good purpose would be served by requiring the Court to complete its review based on evidence no longer controlling, while the agency waits to consider evidence, presently applicable, of conditions as they now exist.

**2.** *Stewart v. Smith*, 126 Tex. 292, 83 S.W.2d 945 (1935); *Chenoweth v. Railroad Commission*, 184 S.W.2d 711 (Tex.Civ.App.1944, writ ref'd w. o. m.), *Edgar v. Stanolind Oil & Gas Co.*, 90 S.W.2d 656 (Tex.Civ.App.1935, writ ref'd).

■ Next comes the question of determining whether the findings of the Board, in the matter before us, that conditions had changed were supported by substantial evidence. We find several factors, any one of which, in our judgment, constitutes substantial evidence upholding the order. Appellant corporation had come to a state of disarray at the time of the revocation hearing with overwhelming debts and few assets. The day before the hearing, the owners of 95% of the stock in appellant corporation released their shares to the corporation. This action was brought about because these shareholders, who included officers and directors, had become implicated in activity involving illegal waste disposal.[3] In addition, appellant had become involved in

litigation with Conoco Oil Company over the right to use the surface at the disposal site. Finally, the evidence discloses that Conoco is engaged in uranium mining at the disposal site that affects the movement of ground water which, in turn, presents a water pollution problem should the wastes in question be buried as planned.

The judgment of the trial court is in all things affirmed.

---

3. We express no opinion as to whether the illegal activity of these individuals who are no longer associated with the corporation may be considered as illegal activity of the corporation itself. We only consider this evidence as relevant to the question of the corporation's ability to perform the functions for which it sought the permit.