YOUNG TRUCKING, INC., Appellant,

v.

RAILROAD COMMISSION OF TEXAS, Appellee.

No. 3-88-159-CV.

Court of Appeals of Texas, Austin.

Dec. 6, 1989.

Rehearing Denied Jan. 10, 1990.

Ted Mishtal, Mike Cotten, Clark, Thomas, Winters & Newton, Austin, for appellant.

Jim Mattox, Atty. Gen., Cynthia Woelk, Asst. Atty. Gen., Austin, for appellee.

Before POWERS, GAMMAGE and JONES, JJ.

## ON MOTION FOR REHEARING

JONES, Justice.

The opinion issued by this Court on October 25, 1989, is withdrawn and the following is substituted therefor.

Young Trucking, Inc., appeals from a judgment of the district court affirming an order of the appellee, Railroad Commission of Texas (Commission). At the outset, this Court must determine its jurisdiction to entertain the appeal. We decide that the case is moot and will set aside the judgment of the trial court and dismiss the cause.

The facts related to the issue of mootness are as follows. After proper notice and hearing, the Commission determined that Young Trucking had violated certain tariff rates and Commission regulations issued under the Motor Carrier Act, Tex.Rev. Civ.Stat.Ann. art. 911b (1964 & Supp.1989). Pursuant to section 12(b) of the Act, the Commission entered a final order that suspended Young Trucking's specialized motor carrier certificate for one year, with all but the first thirty days of the suspension probated. The Commission's order, dated May 18, 1987, concluded with the following paragraph:

> Should this decision be appealed and enjoined pending resolution of litigation, the suspension imposed by this order shall be tolled until the first day that any legal impediment imposed by a court of the State of Texas is removed.

No injunction staying the effectiveness of the order pending appeal was obtained. As this Court has learned, however, Young Trucking served only twenty-six days of its suspension. On the filing of Young Trucking's petition for judicial review of the order, staff personnel of the Commission orally agreed, on July 29, 1987, to "stay enforcement" or "suspend the effect" of the order during the pendency of the appeal. The Commission did not thereafter enforce the order.

An appeal is moot and an appellate court is precluded from deciding a case when no present legal controversy exists between the parties. *State v. Society for Friendless Children,* 130 Tex. 533, 111 S.W.2d 1075 (1938); *Texas Dep't of Health v. Long,* 659 S.W.2d 158, 160 (Tex.App. 1983, no writ). This prohibition of review of moot cases comes from the Texas Supreme Court's determination that Article V, section 8 of the Texas Constitution prohibits the rendition of advisory opinions. *Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331 (Tex.1968). Generally, when an order suspending a certificate or license expires by its own terms pending appeal, no controversy remains and the case is moot. *See Rodriquez v. Texas Dep't of Public Safety,* 533 S.W.2d 849, 851 (Tex.Civ.App.1976, no writ), and the cases cited therein.

This Court must decide whether the Commission's order has expired. Administrative agencies have discretion to set ef-

fective dates for agency decisions and orders; the limits of their discretion are controlled by an abuse of discretion standard. *Railroad Comm'n v. Lone Star Gas Co.,* 656 S.W.2d 421 (Tex.1983). The Commission has, by rule, established that, unless otherwise stated, the effective date of a final Commission decision or order is the date of "commission action"; this date must be incorporated into the body of the administrative order. 16 Tex.Admin. Code § 1.123 (West Sept. 1, 1988). Therefore, the Commission's order suspending Young Trucking's certificate became effective when issued on May 18, 1987.[1] The period of suspension, including probation, was one year. Young Trucking's motion for rehearing was denied on June 29, 1987.

Young Trucking argues that the period of suspension and probation has not expired because the Commission agreed to stay enforcement of its final order. No formal, written agreement was made between the Commission and Young Trucking. After Young Trucking had served most of the non-probated portion of its suspension and appealed the Commission's decision, the Commission's staff simply agreed to cease enforcement of the order. Young Trucking argues that the Commission, because of the broad powers given to it to supervise and regulate the transportation of property for compensation by the Motor Carrier Act, had the power to stay the effectiveness of its order. We disagree.

 The broad powers given to the Commission by the Motor Carrier Act may have given the Commission discretion to refrain from actively *enforcing* the order, but not the power to stay its *effectiveness.* Once the Commission enters an order and the order becomes administratively final, the Commission does not have the inherent authority to reopen the proceeding. *Railroad Comm'n v. Vidaurri Trucking, Inc.,* 661 S.W.2d 94, 96 (Tex.1983); *Sexton v.*

*Mount Olivet Cemetery Ass'n,* 720 S.W.2d 129, 145–46 (Tex.App.1986, writ ref'd n.r. e.). An agency can reconsider a final order only if provided for by statute or on a showing of changed circumstances. *Al-Jazrawi v. Texas Bd. of Land Surveying,* 719 S.W.2d 670, 671 (Tex.App.1986, writ ref'd n.r.e.); *South Texas Indus. Servs. Inc. v. Texas Dep't of Water Resources,* 573 S.W.2d 302, 304 (Tex.Civ.App.1978, writ ref'd n.r.e.).

 Here, there is no statute authorizing the Commission to reopen a final suspension order, nor were there any changed circumstances to justify a reopening of the order. An appeal of an administrative order is not a changed circumstance authorizing an agency to reopen an order. *South Texas Indus.,* 573 S.W.2d at 304. Thus, on July 29, 1987, when the oral agreement was made, the Commission did not have the authority to alter the order's effective date even by formal proceedings, much less by informal agreement of the Commission's staff. Since the agreement to stay the effectiveness of the order was beyond the Commission's authority, it was without effect. *See Texas State Bd. of Dental Examiners v. Blankfield,* 433 S.W.2d 179 (Tex.Civ.App.1968, writ ref'd n.r.e.). Without a suspension of the effectiveness of the order, it expired by its own terms on May 18, 1988, one year after its effective date.

 Young Trucking contends that, even if the controversy is moot, this Court should hear the appeal under the "capable of repetition, yet evading review" exception to the mootness doctrine. *See Iranian Muslim Org. v. City of San Antonio,* 615 S.W.2d 202, 209 (Tex.1981). We reject this argument, however, because the appeal could have been preserved by an injunction as provided for by section 20 of the Motor Carrier Act and the Commission's order. Having neither sought such an injunction nor made a showing that seeking an injunc-

---

**1.** It is possible that the phrase "commission action" was intended to refer to the overruling of a motion for rehearing. *See* 16 TAC § 1.122. However, that date was not incorporated into the order. In any event, since the agreement to cease enforcement of the order in this case

occurred after the date on which the motion for rehearing was overruled, we do not deem the precise date of administrative finality to be of significance. There is no question the order was administratively final when the agreement was made.

tion would have been futile, Young Trucking may not argue the "capable of repetition, yet evading review" doctrine.

Young Trucking also argues that one of the findings of fact contained in the Commission's order has a continuing effect, thereby extending the life of the controversy. The Commission apparently concluded that C.C. Crane Co., a crane company occasionally used by Young Trucking, was an "alter ego" of Young Trucking. Finding of Fact No. 8 states: "Crane is subject to Commission rates found when performing crane services for Young." Young Trucking argues that this finding will continue to require it to charge the rates prescribed by the Commission when Young Trucking utilizes the services of Crane, and that a live controversy therefore exists. We disagree.

■ Although in some instances a finding of fact may have a collateral estoppel or res judicata effect at the agency level, *Champlin Exploration, Inc. v. Railroad Comm'n*, 627 S.W.2d 250, 251 (Tex.App. 1982, writ ref'd n.r.e.), we can find no indication that it is binding on an agency in a subsequent controversy based on different facts. In the present case, any new violation alleged by the Commission would necessarily be based on a new and different incident, and not on the basis of any facts that may have existed at an earlier time. Accordingly, Finding of Fact No. 8 would not bind the Commission to its prior determination.

■ Even if Finding of Fact No. 8 did have some conclusive effect as between the parties, the present case would still be moot. The Supreme Court's decision in *Texas Alcoholic Beverage Commission v. Carlin*, 477 S.W.2d 271 (Tex.1972), is squarely on point. In *Carlin*, the Alcoholic Beverage Commission suspended Carlin's wine and beer retail permit for a period of fifteen days. The Commission's order was predicated on a finding that on a certain date Carlin conducted his business "in a place and manner of such nature which, based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the said

permit and license." *Carlin*, 477 S.W.2d at 273. During the pendency of the appeal, Carlin surrendered his wine and beer retail permit and obtained a different class of liquor permit. In the Supreme Court, Carlin argued against mootness on the ground that the finding of fact quoted above, if left undisturbed, could form the basis for a suspension of his new permit. The court rejected this argument, holding as follows:

> [I]t seems to us that the "fact" underlying the suspension order, even if conclusively established as between the parties, is simply a circumstance to be considered by the Commission in determining whether to renew, cancel or suspend the [new] permits. A decision of the case would thus serve no purpose except to determine the law or the facts for the guidance of the parties *in the event another and different controversy should arise between them.* The courts do not sit for that purpose, and it is our opinion that the case is moot.

*Carlin*, 477 S.W.2d at 273–74 (emphasis added).

As in *Carlin*, Young Trucking has not demonstrated how Finding of Fact No. 8 presents anything other than a speculative injury. It is a matter for speculation whether Young Trucking will hire C.C. Crane Company to perform crane services and, if it does, whether it will charge rates different from Commission rates. In addition, there is no guarantee that if, in the future, Young Trucking does use C.C. Crane Company and charge rates contrary to those prescribed in Finding of Fact No. 8, the Commission will again seek or decide to suspend Young Trucking's certificate. The circumstances behind the transaction may change, or the Commission may reevaluate its position on the issue. This Court can adjudicate only actual, concrete disputes; we are forbidden from adjudicating speculative controversies, no matter how likely it may seem that such controversies will arise in the future. Tex. Const. art. V, § 8.

■ Finally, Young Trucking argues on motion for rehearing that the case is not moot because, in response to its request for

a declaratory judgment, the trial court's judgment included a declaration that "Young Trucking, Inc. is required to charge Railroad Commission prescribed rates for accessorial crane service incidental to truck movements when utilizing C.C. Crane Corp. to provide those accessorial services." Young Trucking's suit in the trial court was a direct attack on the Commission's order and would have resolved the controversy regarding the use of Crane. Therefore, the purported action for declaratory judgment did not lie, and the trial court's declaration was improper. *Alamo Express, Inc. v. Union City Transfer*, 158 Tex. 234, 309 S.W.2d 815, 827 (1958); *Railroad Commission v. Home Transportation Co.*, 670 S.W.2d 319, 326 (Tex.App. 1984, no writ). Accordingly, the declaration is without effect and forms no basis for deciding a moot case.

In conclusion, we hold that this case has become moot. Therefore, we may not consider the merits of Young Trucking's appeal. When an appeal is moot, the judgment of the trial court must be set aside and the cause dismissed without prejudice. *Freeman v. Burrows*, 141 Tex. 318, 171 S.W.2d 863 (1943); *Tex. Dep't of Health v. Long*, 659 S.W.2d at 159.

We set aside the judgment of the district court and dismiss the cause.