ACCEPTED
03-14-00552-CV
5424083
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/26/2015 5:34:34 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00552-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

5/26/2015 5:34:34 PM

JEFFREY D. KYLE
Clerk

RAGHUNATH DASS, PE
*Appellant*,

v.

TEXAS BOARD OF PROFESSIONAL ENGINEERS
*Appellee.*

Appealed from the 201ST Judicial District Court of Travis County, Texas

## APPELLANT'S REPLY BRIEF

JIMMY ALAN HALL
Texas Bar No. 08759800
jahall@fbjah.com

Jimmy Alan Hall, PLLC
4600 Mueller Blvd., Suite 2121
Austin, TX 78723-3372
Tel: (512) 722-3190
Fax: (512) 857-9195

*ATTORNEYS FOR APPELLANT*

## APPELLANT REQUESTS ORAL ARGUMENT

-i-

## IDENTITY OF PARTIES AND COUNSEL

NO. 03-14-00552-CV


RAGHUNATH DASS, PE
*Appellant*,


v.


TEXAS BOARD OF PROFESSIONAL ENGINEERS
Appellee.


**PARTIES**                        **COUNSEL**

Raghunath Dass, Ph.D., P.E.        Jimmy Alan Hall
                                   JIMMY ALAN HALL, PLLC
                                   Texas Bar No. 08759800
                                   4600 Mueller Blvd., Suite 2121
                                   Austin, TX 78723-3372
                                   Tel: (512) 722-3190
                                   Fax: (512) 857-9195
                                   jahall@fbjah.com

                                   J. Woodfin Jones
                                   Texas Bar No. 10911700
                                   ALEXANDER DUBOSE JEFFERSON &
                                   TOWNSEND LLP
                                   515 Congress Ave., Suite 2350
                                   Austin, TX 78701-3562
                                   Tel: (512) 482-9300
                                   Fax: (512) 482-9303
                                   wjones@adjtlaw.com

Texas Board of Professional Engineers

Jennifer Lyn Hopgood
ATTORNEY GENERAL'S OFFICE,
ADMINISTRATIVE LAW DIVISION
Texas Bar No. 24073010
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Tel: (512) 936-1660
Fax: (512) 320-0167
jennifer.hopgood@texasattorneygeneral.gov

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii
TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv
INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi
REPLY TO ISSUES APPELLEE'S ARGUMENTS. . . . . . . . . . . . . . . . . . . . . . 1

      Issue No. 1: The Amended Final Order of the Texas Board of Professional Engineers is void because the agency was without any authority to modify its August 16, 2012 Final Order while that order was under judicial review.. . . . . . . . . . . . . 1

      Issue No. 2: Appellee, the Texas Board of Professional Engineers, did not and does not have subject-matter jurisdiction to regulate construction material testing (CMT), and for this additional reason its November 21, 2013 Amended Final Order is void *ab initio*.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      Issue No. 3: The Board's Conclusion of Law No. 7 violates the TEPA provision limiting the TBPE's authority to restrict bidding.. . . . . . . . . . . . . . . . 13

      Issues Nos. 4-6: Appellant's Brief adequately addresses Appellee's arguments on Issues Nos. 4 - 6, and therefore, Appellant will stand on its original brief on those issues. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# INDEX OF AUTHORITIES

## CASES

*Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008). . . . . . . . . . . . . . . . . . . . . . . . 9

*Chocolate Bayou Water Co. & Sand Supply v. Texas Natural Res. Conservation Comm'n*, 124 S.W.3d 844, 853 (Tex. App.—Austin 2003, pet. denied). . . . 7

*City of Allen v. Public Util. Comm'n of Tex.*, 161 S.W.3d 195, 199 (Tex. App.—Austin 2005, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*City of Celina v. Dynavest Joint Venture*, 253 S.W.3d 399, 403 (Tex. App.—Austin 2008) (no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*City of Sherman v. Pub. Util. Comm'n of Tex.*, 643 S.W.2d 681, 686 (Tex. 1983). 8

*Garza v. Cantu*, 431 S.W.3d 96, 108 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Jack Jones Hearing Ctrs., Inc. v. State Comm'n of Exam'rs in Fitting & Dispensing of Hearing Instruments*, 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re K.M.P.*, 323 S.W.3d 601, 603 (Tex. App.—Austin 2010, pet. denied) (same) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kaspar v. Thorne,* 755 S.W.2d 151, 157 (Tex. App.—Dallas 1988, no writ). . . 2, 4

*Lesikar v. Rappeport*, 33 S.W.3d 282, 316 (Tex. App.—Texarkana 2000, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Marincasiu v. Drilling*, 441 S.W.3d 551, 558 (Tex. App.—El Paso 2014, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Nat'l Café Services, Ltd. v. Podaras*, 148 S.W.3d 194, 200-01 (Tex. App.—Waco 2004, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Olin Corp. v. Dyson,* 678 S.W.2d 650, 657 (Tex. App.—Houston [14th Dist.] 1984), *rev'd on other grounds,* 692 S.W.2d 456 (Tex.1985). . . . . . . . . . . . . . . . . . 2

*Public Utility Comm'n of Texas v. Cities of Harlingen*, 311 S.W.3d 610, 624 (Tex. App.—Austin 2010, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Railroad Comm'n of Tex. v. Cont'l Bus Sys., Inc.*, 616 S.W.2d 179, 184 (Tex. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Save Our Springs Alliance, Inc. v. City of Kyle*, 382 S.W.3d 540, 543 n.2 (Tex. App.—Austin 2012, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*South Tex. Indus. Services, Inc. v. Texas Dept. of Water Res.*, 573 S.W.2d 302, 304 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.). . . . . . . . . . . . . . . . . . . . . . 7

*State v. Pub. Util. Comm'n of Tex.*, 840 S.W.2d 650, 655-56 (Tex. App.—Austin 1992) 883 S.W.2d 190 (Tex. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Texas Ass'n of Business v. Texas Air Control Board*, 852 S.W.2d 440, 445 (Tex. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Texas Comm'n on Environmental Quality v. Bonser-Lain*, 438 S.W.3d 887, 891, (Tex. App.—Austin 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*VanderWerff v. Texas Board of Chiropractic Examiners*, No. 03-12-00711-CV, 2014 WL 7466814, at *3 (Tex. App.—Austin Dec. 18, 2014, no pet.) (mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 10, 14

*Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). . . . . . . . . . . . . . . . . . . 4

*Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 784–85 (Tex. 1978). 7

*White v. White*, 179 S.W.2d 503, 506 (Tex. 1944)) . . . . . . . . . . . . . . . . . . . . . . . 9

STATUTES

Tex. Gov't Code § 2001.174. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. Gov't Code § 2001.175(c).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. Gov't Code § 2001.1775. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 16

Tex. Gov't Code § 2001.176. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Tex. Occ. Code, § 1001.601. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

OTHER

Tex. R. App. P. 38.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Tex. R. App. P. 38.9(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. App. P. 43.3. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

73A C.J.S. *Public Administrative Law and Procedure* § 349 (2015) . . . . . . . . . . . 8

Texas Board of Professional Engineer Policy Advisory Opinion Regarding Construction Materials Engineering (August 20, 2009). . . . . . . . . . . . 12, 17

## I.

**Issue No. 1: The Amended Final Order of the Texas Board of Professional Engineers is void because the agency was without any authority to modify its August 16, 2012 Final Order while that order was under judicial review.**

In his first issue, Appellant argues that the Board's "Amended Final Order" of November 21, 2013, was wholly void because it was entered in direct contravention of Section 2001.1775 of the Government Code, which prohibits an agency from modifying its decision in a contested case during the time that the case is under judicial review. In its Appellee's Brief, the Board asserts two responses.

### *Absence of Magic Words*

The Board first asserts that Appellant waived this error because the prayer for relief at the end of his Appellant's Brief failed to explicitly request that the trial court's summary judgment, which affirmed the Board's void order, be reversed. For all intents and purposes, this argument seeks to create a "magic words" test, *i.e.,* if an appellant does not pray for exactly the correct relief, the court of appeals is powerless to grant relief.

This argument by the Board fails for several reasons. First, Texas courts have recognized that allowing an incomplete or ambiguous prayer for relief to control the

1

disposition of an appeal would not only elevate form over substance, it would be contrary to the Texas Rules of Appellate Procedure:

> Where a party's prayer for relief is unclear or ambiguous as to the remedy sought, "it is the relevant appellate rule, and not the prayer for relief, that determines the disposition of the case." *Garza v. Cantu,* No. 14–11–00724–CV, 2013 WL 5451592, at *9 (Tex. App.—Houston [14th Dist.] Aug. 27, 2013, pet. denied), *citing Kaspar v. Thorne,* 755 S.W.2d 151, 157 (Tex. App.—Dallas 1988, no writ) (internal brackets and quotation marks omitted). "[T]he failure of a prayer for relief to request a particular disposition does not prevent an appellate court from granting such relief on a meritorious point of error which is clearly presented in an appellant's brief." *Id., citing Olin Corp. v. Dyson,* 678 S.W.2d 650, 657 (Tex. App.—Houston [14th Dist.] 1984), *rev'd on other grounds,* 692 S.W.2d 456 (Tex.1985) (internal brackets and ellipses omitted).

*Marincasiu v. Drilling*, 441 S.W.3d 551, 558 (Tex. App.—El Paso 2014, pet. denied); *see also Garza v. Cantu*, 431 S.W.3d 96, 108 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) ("[W]hether the [appellant] failed to request a remand or instead failed to request any disposition is beside the point. For the reasons given above, the [appellant] is entitled to the reversal he prayed for, and we look to the appellate rules for the appropriate disposition.").

Second, under the circumstances of this case, the absence of a specific request that the trial court's summary judgment be reversed could not have led to any confusion about what relief appellant was seeking. The Appellant's Brief argued—and the prayer requested—that this Court determine that the Board's

Amended Final Order of November 21, 2013, was wholly void. The trial court (which effectively acts as an appellate court in a suit for judicial review) had erroneously affirmed the Board's void order. Pursuant to Section 2001.174 of the Administrative Procedure Act, therefore, the only action that the trial court could properly have taken was to "reverse or remand" the Board's order. See Tex. Gov't Code § 2001.174. Indeed, the Board has acknowledged this very point in its own brief: "If, in a suit for judicial review, a party contends that the agency exceeded its statutory authority, the *only available remedy* is for the district court to either '*reverse or remand* the case.' Tex. Gov't Code § 2001.174." Appellee's Brief at 30 (first emphasis added). Because the trial court erred in affirming a void order, this Court is required to "render the judgment that the trial court should have rendered," Tex. R. App. P. 43.3, *i.e.,* to reverse or remand the Board's Amended Final Order. By definition, this requirement necessitates reversing the trial court's judgment of affirmance.

Third, Rule 38.9 of the Texas Rules of Appellate Procedure provides that briefing rules are to be liberally construed and constrains appellate courts to allow noncomplying briefs to be "amended, supplemented, or redrawn" so as to enable courts to decide cases on the merits instead of procedural technicalities. *See* Tex. R. App. P. 38.9(a). Texas courts have adhered to this procedure:

3

> To the extent that the error is flagrant, the court may order a party to redraft his prayer. However, the [appellate] rules prevent this court from tailoring its relief because of the violation of briefing rules without first giving the errant party an opportunity to cure the defect.

*Nat'l Café Services, Ltd. v. Podaras*, 148 S.W.3d 194, 200-01 (Tex. App.—Waco 2004, pet. denied) (quoting *Kaspar v. Thorne*, 755 S.W.2d 151, 156–57 (Tex. App.—Dallas 1988, no writ)); *see also Republic Underwriters Ins. Co. v. Mex–Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004) ("[W]e have instructed the courts of appeals to construe the Rules of Appellate Procedure reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.") (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997)). Thus, even if this Court considered the absence of magic words in Appellant's prayer for relief to be a "flagrant violation" of TRAP Rule 38.1, the remedy would be to order Appellant to redraft the prayer to cure the problem.

Finally, in order to remove any possible uncertainty as to the relief he is seeking, Appellant has included in the prayer for relief at the end of this Appellant's Reply Brief a request that this Court "render judgment declaring that the Board's November 21, 2013 Amended Final Order is void, reverse the trial court's judgment affirming the Board's Amended Final Order, and remand this case to the Board for further proceedings consistent with this opinion; and for such other and further relief

4

to which he may be entitled."

### *Failure to Preserve Error*

In its second argument in response to Appellant's Issue No. 1, the Board asserts that "even on the merits," Appellant should not prevail on this issue. Specifically, the Board argues in its Appellee's Brief that "the Board raised three possible reasons the [trial] court should grant summary judgment: (1) failure to preserve error by filing an inadequate motion for rehearing; (2) res judicata or collateral estoppel; or (3) that the Board's Amended Final Order conformed to the Final Order in the first suit for judicial review." Appellee's Brief at 20. The Board then proceeds to argue these "merits" points, ignoring that Appellant's Issue No. 1 challenges the Board's power and authority—*i.e.,* jurisdiction—to enter its Amended Final Order at all, given that a suit for judicial review of the case had been instituted and the case was still under judicial review at the time the Amended Final Order was entered. As mentioned above, the Administrative Procedure Act expressly prohibits such action by an administrative agency: "Except as provided by Section 2001.175©[1], an agency may

---

[1]    Section 2001.175(c) of the APA is not relevant to this case, providing as follows: A party may apply to the court to present additional evidence. If the court is satisfied that the additional evidence is material and that there were good reasons for the failure to present it in the proceeding before the state agency, the court may order that the additional evidence be taken before the agency on conditions determined by the court. The agency may change its findings and decision by reason of the additional evidence and shall file the additional evidence and any changes, new findings, or decisions with the reviewing court.

Tex. Gov't Code § 2001.175(c).

5

not modify its findings or decision in a contested case after proceedings for judicial review of the case have been instituted under Section 2001.176 and during the time that the case is under judicial review." Tex. Gov't Code § 2001.1775. Thus, this case is not one in which an administrative agency merely went beyond its statutory authority, although that by itself would probably be enough to render the Board's Amended Final Order void. Nor is this case one in which an administrative agency or official merely failed to perform a ministerial duty. Rather, this case is one in which an agency took an action that, by statute, it was expressly prohibited from taking.

This Court has stated that pursuant to Section 2001.1775, "an agency ***does not have the authority*** to modify its original order once a suit for judicial review has been filed." *Save Our Springs Alliance, Inc. v. City of Kyle*, 382 S.W.3d 540, 543 n.2 (Tex. App.—Austin 2012, no pet.) (emphasis added). Even before Section 2001.1775 was enacted in 1995, Texas law was clear that the filing of a suit for judicial review of an agency order deprived the agency of jurisdiction to modify the order. *See Railroad Comm'n of Tex. v. Cont'l Bus Sys., Inc.*, 616 S.W.2d 179, 184 (Tex. 1981) ("The rule is sound that the Railroad Commission may not change an order after it loses jurisdiction by an appeal."); *State v. Pub. Util. Comm'n of Tex.*, 840 S.W.2d 650, 655-56 (Tex. App.—Austin 1992) ("Under Texas law, when a suit is brought to test the

validity of an agency order, the agency loses jurisdiction over the subject matter of such order while the suit is pending."), *aff'd in part, rev'd in part on other grounds*, 883 S.W.2d 190 (Tex. 1994); *South Tex. Indus. Services, Inc. v. Texas Dept. of Water Res.*, 573 S.W.2d 302, 304 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.) (same). Thus, the Board's action here was wholly outside its jurisdiction, thereby rendering its Amended Final Order void and making the Board's "merits" arguments immaterial.

It is certainly true that an agency order may be collaterally attacked only in limited circumstances. But, as this Court has recently noted, there is a "well-recognized exception to the general rule that an agency's final order is immune from collateral attack: *when an agency takes an action that is in excess of its statutory powers*." *VanderWerff v. Texas Board of Chiropractic Examiners*, No. 03-12-00711-CV, 2014 WL 7466814, at *3 (Tex. App.—Austin Dec. 18, 2014, no pet.) (mem. op.) (emphasis added) (citing *Westheimer Indep. Sch. Dist. v. Brockette*, 567 S.W.2d 780, 784–85 (Tex. 1978), and *Chocolate Bayou Water Co. & Sand Supply v. Texas Natural Res. Conservation Comm'n*, 124 S.W.3d 844, 853 (Tex. App.—Austin 2003, pet. denied)); *see also City of Celina v. Dynavest Joint Venture*, 253 S.W.3d 399, 403 (Tex. App.—Austin 2008, no pet.) ("[A] collateral attack upon an agency order may be maintained successfully if the order is void."); *Lesikar v. Rappeport*, 33 S.W.3d

7

282, 316 (Tex. App.—Texarkana 2000, pet. denied) ("[A] collateral attack upon an agency order may be maintained successfully on one ground alone–that the order is void."); *see generally* 73A C.J.S. *Public Administrative Law and Procedure* § 349 (2015) ("Notwithstanding the rule against collateral attack, a decision [of an administrative agency] may be subject to such attack where it is void; and, since the jurisdiction of an agency consists of the powers granted it by statute, a determination is void and subject to collateral attack where it is made either without statutory power or in excess thereof.").

A concomitant rule is that the doctrine of exhaustion of administrative remedies does not apply when an agency acts beyond its statutory authority. *See, e.g.*, *Texas Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992) ("[A] trial court may intercede before administrative remedies are exhausted where the administrative agency lacks jurisdiction."); *City of Sherman v. Pub. Util. Comm'n of Tex.*, 643 S.W.2d 681, 686 (Tex. 1983) ("[I]t has been held that when there is an absence of jurisdiction in an administrative agency, then the doctrine of exhaustion of administrative remedies is not applicable."); *Public Utility Comm'n of Texas v. Cities of Harlingen*, 311 S.W.3d 610, 624 (Tex. App.—Austin 2010, no pet.) ("[F]ailure to exhaust administrative remedies does not bar judicial review when the error alleged is that the agency acted without subject-matter jurisdiction.").

8

It is well established that the question of jurisdiction may be raised at any time, including for the first time on appeal. *See, e.g.*, *Texas Ass'n of Business v. Texas Air Control Board*, 852 S.W.2d 440, 445 (Tex. 1993); *Texas Comm'n on Environmental Quality v. Bonser-Lain*, 438 S.W.3d 887, 891, (Tex. App.—Austin 2014, no pet.); *Jack Jones Hearing Ctrs., Inc. v. State Comm'n of Exam'rs in Fitting & Dispensing of Hearing Instruments*, 363 S.W.3d 911, 914 (Tex. App.—Austin 2012, no pet.); *City of Allen v. Public Util. Comm'n of Tex.*, 161 S.W.3d 195, 199 (Tex. App.—Austin 2005, no pet.).

Finally, one of the requirements of any collateral attack is that the jurisdictional defect must appear on the face of the record. *See, e.g.*, *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) ("In order for a collateral attack to be successful the record must affirmatively reveal the jurisdictional defect.") (quoting *White v. White*, 179 S.W.2d 503, 506 (Tex. 1944)); *In re K.M.P.*, 323 S.W.3d 601, 603 (Tex. App.—Austin 2010, pet. denied) (same). In the present case, this requirement is easily met. The clerk's record contains copies of the Board's Amended Final Order, showing the date of entry to be November 21, 2013. C.R. at 62. The clerk's record also shows that appellant's appeal from the Board's original Final Order was still pending in this Court on that date. C.R. at 365-79. These facts are not in dispute, and the Board acknowledges them in its Appellee's Brief. *See* Appellee's Brief at 13.

9

## II.

**Issue No. 2: Appellee, the Texas Board of Professional Engineers, did not and does not have subject-matter jurisdiction to regulate construction material testing (CMT), and for this additional reason its November 21, 2013 Amended Final Order is void *ab initio*.**

In his second issue, Appellant argues that the Board's "Amended Final Order" of November 21, 2013, was wholly void because the Texas Legislature never granted to the Board the authority to regulate the non-professional engineering endeavor of construction materials testing. In its Appellee's Brief, the Board asserts two responses.

### *Failure to Preserve Error*

Appellant adequately raised the issue of the Board's lack of authority to regulate construction materials testing both before the Board in his motion for rehearing and before the District Court in his petition. C.R. at 24-25, 383. Therefore, this issue is not a collateral attack on the Board's action. However, even assuming that Appellant's points of error in those pleadings were inadequate to raise this issue, Appellant is entitled to collaterally attack the Board's action on this issue because his argument is that the Board exceeded its authority, which is an attack he can raise at any time.

10

As noted above in reply to Appellee's argument on Issue No. 1, an administrative agency's action that goes beyond its statutory authority is void and, as a void act, is thus subject to collateral attack. *VanderWerff v. Texas Board of Chiropractic Examiners*, No. 03-12-00711-CV, 2014 WL 7466814, at \*3 (Tex. App.—Austin Dec. 18, 2014, no pet.) (mem. op.). As Appellant argues, "professional engineering" under the Texas Engineering Practice does not include construction materials testing (CMT). Appellant's Brief at 11-15. Thus, any actions of the TBPE to regulate CMT is beyond the TBPE's authority, is void, and is subject to collateral attack.

As Appellee confirms, it is undisputed that the only three violations that the Board concluded that Appellant had committed were construction materials ***testing*** and not construction materials ***engineering.*** Appellee's Brief at 35.

As noted above and in Appellant's Brief, the doctrine of exhaustion of administrative remedies does not apply when an agency acts beyond its statutory authority, and questions of jurisdiction may be raised at any time, even for the first time on appeal.

Last, the requirement that the jurisdictional defect must appear on the face of the record is easily satisfied. The Amended Final Order is limited to three alleged violations by Appellant stated in three conclusions of law, all of which are limited to

CMT. (Conclusion of Law Nos. 5, 6, and 7). The three "violations" are that Appellant: (1) "*failed to supervise* the performance of the *CMT testing*," (2) "*allowed TSI [Labs] to release CMT reports* without having signed, dated, and sealed the CMT reports," and (3) "*failed* to exercise reasonable care and diligence *to prevent TSI [Labs] from submitting a competitive bid for [CMT* that became CME because it was for a public works project] in violation of the [Professional Services Procurement Act] PSPA." These facts are not in dispute, and the Board acknowledges them in its Appellee's Brief. *See* Appellee's Brief at 10-11, 35; C.R. at 226. All that the Amended Final Order addresses in its conclusion of law violations is that Appellant worked for a lab that was in the business of CMT.

### *Broad Discretion*

The Board argues that it has the discretion to construe the scope of "professional engineering" as broad as it so desires and that it has done so in its 2005/2009 CME Policy Advisory Opinion ("CME Advisory Opinion" of "Advisory Opinion"). While the Board may have a statutory duty to issue advisory opinions under the TEPA, that duty does not include expanding its authority beyond the authority that the Texas Legislature has delegated to it to regulate "professional engineering." The TEPA states that "On its own initiative or at the request of any interested person, the board shall prepare a written advisory opinion about (1) an

12

interpretation of this chapter; or (2) the application of this chapter to a person in regard to a specified existing or hypothetical factual situation." Tex. Occ. Code § 1001.601(a). However, neither of those two categories authorizes the Board to venture into regulating the business of construction material testing or construction material testing labs.

Additionally, neither the TEPA nor the Professional Services Procurement Act requires CMT to be treated as CME for a public works project, and thus extend the TBPE's jurisdiction to CMT performed specifically for a public works project as Appellant has argued. Appellant's Brief at 16-18.

**III.**

**Issue No. 3: The Board's Conclusion of Law No. 7 violates the TEPA provision limiting the TBPE's authority to restrict bidding.**

In his third issue, Appellant argues that the Board's "Amended Final Order" of November 21, 2013, was void, in part, because Conclusion of Law No. 7 exceeds the Board's jurisdiction over competitive bidding. In its Appellee's Brief, the Board asserts two responses.

*Failure to Preserve Error*

Appellant adequately raised the issue of the Board's lack of authority to regulate a construction materials testing labs' submission of a bid for construction

materials testing both before the Board in his motion for rehearing and before the District Court in his petition. C.R. at 24-25, 383. Therefore, this issue is not a collateral attack on the Board's action. However, even assuming that Appellant's points of error in those pleadings were inadequate to raise this issue, Appellant is entitled to collaterally attack the Board's action on this issue because his argument is that the Board exceeded its authority, which is an attack he can raise at any time.

As noted above in reply to Appellee's argument on Issue No. 1, an administrative agency's action that goes beyond its statutory authority is void and, as a void act, is thus subject to collateral attack. *VanderWerff v. Texas Board of Chiropractic Examiners*, No. 03-12-00711-CV, 2014 WL 7466814, at *3 (Tex. App.—Austin Dec. 18, 2014, no pet.) (mem. op.). As Appellant argues, the Board exceeded its authority over competitive bidding. Appellant's Brief at 11-15. Thus, any actions of the TBPE to regulate competitive bidding is beyond the TBPE's authority, is void, and is subject to collateral attack.

As noted above and in Appellant's Brief, the doctrine of exhaustion of administrative remedies does not apply when an agency acts beyond its statutory authority, and questions of jurisdiction may be raised at any time, even for the first time on appeal.

Last, the requirement that the jurisdictional defect must appear on the face of

the record is easily met. The Amended Final Order makes four findings of fact that show that the services that Appellant employer provided to San Patricio County were not CME, but were CMT, which is not subject to the competitive bidding requirements of the PSPA. (Findings of Fact Nos. 5, 7, 9, and 10). These four finding are that (1) Appellant's employer, Trinity Soil Investigation Laboratories, Inc., (TSI Labs), submitted a proposal to perform *CMT* to San Patricio County, (2) TSI Labs subsequently submitted sixteen *CMT* reports to San Patricio County, (3) Appellant "did not perform or directly supervise any of the testing reflected in [those] 16 *CMT* reports," and (4) Appellant did not have any knowledge of the project, or the actions of TSI [Labs] with respect to the project until after TSI Labs submitted those sixteen *CMT* reports to San Patricio County. All that these findings show is that TSI Labs was in the business of *CMT,* and not CME, and that Appellant was not involved in the CMT work that TSI Labs was doing on this project in any manner whatsoever.

### *Violation Occurred*

The Board simply says the "Board did not act outside of [its] authority" in finding that Appellant violated the Board's rules when he allegedly failed to "exercise reasonable care and diligence to prevent TSI Labs from submitting a competitive bid for professional engineering services in violation of the PSPA." Appellee's Brief at 39. However, as Appellant has argued: (1) the CMT services that TSI Labs

15

performed for the Project were not "professional engineering services," (2) the scope of the work for which the County contract with TSI Labs was sampling and testing only and not any professional engineering services or any work that would require a registered professional engineer, and (3) Appellant never provided any engineering services to the County under the subject contract, for he was unaware of the existence of that contract until the actual supervising engineers on the Project contacted Appellant. Appellant's Brief at 16-18.

## IV.

Appellant's Brief adequately addresses Appellee's arguments on Issues Nos. 4 - 6, and therefore, Appellant will stand on its original brief on those issues.

## PRAYER

For the reasons stated above, Appellant Raghunath Dass, Ph.D., P.E. prays that this Court find that :

(1) the Board's November 21, 2013 Amended Final Order is void because it violates Section 2001.1775 of the Administrative Procedure Act;

(2) the Texas Engineering Practices Act does not grant the Texas Board of Professional Engineers the authority to regulate construction materials testing;

(3) any actions of the Texas Board of Professional Engineers to assert authority or jurisdiction over construction materials testing is void and unenforceable;

16

(4) neither the Texas Engineering Practices Act nor the Professional Services Procurement Act convert construction materials testing into construction material testing when such testing is part of a public work project;

(5) the Texas Board of Professional Engineers' 2005/2009 CME Policy Advisory Opinion is an unenforceable "rule"; and

(6) even if the construction material testing that TSI Labs performed under its contract with the San Patricio County was actually construction materials engineering, then the supervising engineer was the "project engineers" for the County, and not Appellant; and

Prays that this Court, render judgment declaring that the Board's November 21, 2013 Amended Final Order is void, reverse the trial court's judgment affirming the Board's Amended Final Order, and remand this case to the Board for further proceedings consistent with this opinion; and for such other and further relief to which he may be entitled.

Respectfully submitted this 26th day of May, 2015.

JIMMY ALAN HALL, PLLC
4600 Mueller Boulevard, Suite 2121
Austin, Texas 78723-3294
Telephone: 512-722-3190
Telecopier: 512-857-9195
jahall@fbjah.com

*/s/ Jimmy Alan Hall*

JIMMY ALAN HALL
Texas Bar No.08759800

J. Woodfin Jones
Texas Bar No. 10911700
ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress Ave., Suite 2350
Austin, TX 78701-3562
Tel: (512) 482-9300
Fax: (512) 482-9303
wjones@adjtlaw.com

ATTORNEYS FOR APPELLANT RAGHUNATH
DASS, PH.D., P.E.

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 3,746 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, and certificate of compliance). This is a computer generated document created in WordPerfect X6, using 14-point typeface for all text, except for footnotes which are 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Jimmy Alan Hall
JIMMY ALAN HALL

## CERTIFICATE OF SERVICE

I, Jimmy Alan Hall, do hereby certify that a true and correct copy of the foregoing document, with appendix, if any, was served by electronic service on the following parties or attorneys of record on the 26th day of May 2015.

Jennifer L. Hopgood
Assistant Attorney General
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 936-1660
Facsimile: (512) 320-0167
jennifer.hopgood@texasattorneygeneral.gov

/s/ Jimmy Alan Hall
JIMMY ALAN HALL